UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

COURCHEVEL 1850 LLC,

Civil Action No.:
**17-cv-00785-JBW-SMG**

Plaintiff,

-against-

MOHAMMED ALAM; KOZNITZ I LLC; UNITED
STATES OF AMERICA (INTERNAL REVENUE
SERVICE); NY STATE DEPARTMENT OF
TAXATION AND FINANCE; CITIBANK, N.A.;
CITIBANK (SOUTH DAKOTA), N.A.; NEW YORK
CITY ENVIRONMENTAL CONTROL BOARD;
NEW YORK CITY TRANSIT ADJUDICATION
BUREAU; NEW YORK CITY PARKING
VIOLATIONS BUREAU;
------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
## MOTION FOR SUMMARY JUDGMENT

**THE MARGOLIN & WEINREB LAW GROUP, LLP**
165 Eileen Way
Suite 101
Syosset, New York 11791
516.945.6055

Served on: June 18, 2018

**TABLE OF CONTENTS**

Table of Contents…………………………………………………………..……....ii

Table of Authorities………………………………………………………..……....iii

I.     PRELIMINARY STATEMENT …………………………………..…………1

II.    SUMMARY JUDGMENT STANDARD ………………………………….…1

III.   SUMMARY JUDGMENT IS PROPER BECAUSE PLAINTIFF HAS MADE ITS *PRIMA FACIE* CASE TO FORECLOSE…….……………………………….....…3

IV.   DEFENDANT'S AFFIRMATIVE DEFENSES LACK MERIT……..……….......5

      a. Defendant's First and Second Affirmative Defense, That Plaintiff Lacks Standing to Foreclosure or that Plaintiff cannot establish that the note and/or mortgage executed by Defendant was assigned to plaintiff, Contradicts the Evidence Presented…………………………………………………………..……………5

      b. Defendant's Third and Fourth Affirmative Defense, that Plaintiff has not alleged that the subject note and/or mortgage was assigned to it by one with authority to do so, Contradicts the Evidence Presented…………………………………………..7

      c. Defendant's Fifth Affirmative Defense, that Plaintiff cannot establish that it mailed a Notice of Default, as required by the terms of the Mortgage, Contradicts the Evidence Presented…………………………………………….…..................8

      d. Defendant's Sixth Affirmative Defense, that Plaintiff has Failed to State a Cause of Action Upon Which Relief May Be Granted Must Be Stricken…………………10

      e. Defendants' Seventh Affirmative Defense regarding Plaintiff's failure to establish compliance with NY RPAPL §1320 is not applicable to the instant action………………………………………………………..…....…………11

      f. Defendants' Eighth Affirmative Defense regarding Real Property Actions and Proceedings Law §1303 Notices is Unsupported by the Evidence………………...…………………………………..….....................11

V.    CONCLUSION………………………………………………………......…12

## TABLE OF AUTHORITIES

### Table of Cases

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986)................12

Aziriliant v. Eagle Chase Assocs., 213 A.D.2d 573, 575-576 (2nd Dept. 1995)...................9

Bank of Albany v. Fioravanti, 51 N.Y.2d 638, 648 (1980)...........................................4

Bank of N.Y. v. Silverberg, 86 A.D.3d 274, 926 N.Y.S.2d 532 (2d Dept 2011)................6, 7

Buckley v. Deloitte & Touche USA LLP, 888 F. Supp. 2d 404, 415 (S.D.N.Y. 2012).............1

Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011).........................................2

Builders Bank v. Charm Developments II, LLC, No. 09-CV-3935,
2010 WL 3463142, at *2 (E.D.N.Y. Aug. 30, 2010)...................................................3

Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986)..........................2

Chemical Bank v. Econ, 87 A.D.2d 706, 448 N.Y.S.2d 898 (3rd Dep't 1982).......................4

Cifarelli v. Vill. of Babylon, 93 F.2d 47, 51 (2d Cir. 1996)............................................5

D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998)....................................2

Deutsche Bank Nat'l Trust Co. v. Pietranico, 33 Misc.3d 528,
928 N.Y.S.2d 818 (Sup. Ct. Suffolk Cnty. 2011)......................................................6

Donnelly v. Greenburgh Cent. Sch. Dist. No. 7, 691 F.3d 134, 141 (2d Cir. 2012)...................2

E. Sav. Bank, FSB v. Ferro, No. 13-CV-5882, 2015 WL 778345, at *6 (E.D.N.Y. Feb 24, 2015)....3

Flagstar Bank, FSB v. Mendoza, 139 A.D.3d 898, 900 (2nd Dept. 2016)..............................3

Gehway Corp. v. Elgut, 177 A.D.2d 467 (2nd Dept. 1990)...........................................12

Gustavia Home, LLC v. Jamie Rice, et al., E.D.N.Y. Case No. 1:16-cv-02353(BMC)............1, 3

Gustavia Home, LLC v. Robert R. Rutty, et al., E.D.N.Y. Case No. 1:16-cv-02823(BMC).........1,3

Iandoli v. Lange, 35 A.D.2d 793, 315 N.Y.S.2d 752 (1st Dep't 1970)................................4

Kearny v. Kearny, 42 Misc. 3d 360, 369-373 (Sup. Ct. Monroe Cty. 2013)...........................9

M&T Mortg. Corp. v. White, 2010 WL 3420480 at 7 (E.D.N.Y 2010).............................4

Maldonado v. County of Suffolk, 229 A.D.2d 376 (2nd Dept. 1996)................................2

Morris v. Landau, 196 F.3d 102, 109 (2d Cir. 1999)........................................5

OneWest Bank, N.A. v. Conklin, 310 F.R.D. 40 (N.D.N.Y. 2015)....................................10

R.B. Ventures, Ltd. v. Shane, 112 F.3d 54, 59 n.2 (2d Cir. 1997)....................................3

Sando Corp. v. Aris, 209 A.D.2d 682 (2nd Dept. 1994).................................................12

Sansone v. Cavallaro, 284 A.D.2d 817, 818, 727 N.Y.S.2d 516 (3rd Dept. 2001)....................12

Stern v. Stern, 87 A.D.2d 887, 449 N.Y.S.2d 534 (2d Dep't 1982)...................................4

Summitbridge Credit Investments, LLC v. Wallace, 128 A.D.3d 676,
9 N.Y.S.3d 320 (2nd Dept. 2015)............................................................................11

Trusts & Guar. Co. v. Barnhardt, 270 N.Y. 350, 352 [1936]...........................................9

United States v. Paugh, 332 F. Supp. 2d 679 (S.D.N.Y. 2004).........................................3

U.S. Bank, N.A. v. Denaro, 98 AD3d 964, 950 NYS2d 581 (2d Dept. 2012).......................5

Valley Natl. Bank v. Deustch, 88 Ad3d 691, 930 NYS2d 77 (2d Dept. 2011).......................6

Wachovia Bank, N.A. v. Carcano, 106 AD3d 724, 965 NYS2d 516 (2d Dept. 2013)..............5

Weaver Hardware Co. v. Solomovitz, 235 N.Y. 321, 139 N.E. 353 (1923)...........................6

West-Fair Elec. Contractors v. Aetna Cas. & Surety Co., 78 F.3d 61, 63 (2d Cir. 1996)...........2

**Table of Statutes and Rules**

CPLR §306..........................................................................................................12

CPLR §3212......................................................................................................5, 9

CPLR 4518 [a].....................................................................................................9

Fed. R. Civ. P. 56..............................................................................................1, 5

RPAPL §1321.......................................................................................................5

RPAPL §1303......................................................................................................12

RPAPL
§1320.................................................................................................................11

## I. **PRELIMINARY STATEMENT**

This action seeks to foreclose the mortgage upon the real property located at 3228 97th Street, East Elmhurst, New York 11369 and known as Block: 1426 Lot: 20 on the Queens County Tax Map (the "Property") owned by KOZNITZ I LLC ("Defendant").  Defendant filed an Answer (hereinafter the "Answer") [See ECF Docket No. 30] to the Complaint [See ECF Docket No. 1] filed by Courchevel 1850 LLC (the "Plaintiff").

Plaintiff respectfully submits this Memorandum of Law in support of its Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 56 for an Order striking the Answer and Affirmative Defenses.

It is respectfully submitted that Defendant's Answer, which includes 8 unsupported form affirmative defenses, is devoid of both legal and factual efficacy, and is therefore insufficient to defeat Plaintiff's Motion for Summary Judgment. The indisputable documentary evidence, supplied by Plaintiff in support of its Motion for Summary Judgment conclusively establishes that there are no genuine issues of material fact regarding the execution of the Note and Mortgage or Defendant Mohammed Alam's[1] Default thereunder.

Simply stated, this is a straightforward foreclosure action involving a defaulted loan secured by a mortgage on real property, which is located in Queens County, New York.

## II. **SUMMARY JUDGMENT STANDARD**

As this Court has held[2], Rule 56 provides that a court may grant summary judgment when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled

---

[1] Defendant Mohammed Alam is the only obligor on the Note and Mortgage. See Complaint with Exhibits at **Exhibit "A"**.

[2] See Gustavia Home, LLC v. Jamie Rice, et al., E.D.N.Y. Case No. 1:16-cv-02353 (BMC), Docket Entry No. 37 filed 11/14/16, Memorandum Decision and Order of The Honorable Brian M. Cogan; see also Gustavia Home, LLC v. Robert R. Rutty, et al., E.D.N.Y. Case No. 1:16-cv-02823 (BMC), Docket Entry No. 40 filed 1/24/17, Memorandum Decision and Order of the Honorable Brian M. Cogan.

to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers or interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (internal quotation marks omitted).  If the movant does this successfully, the burden shifts, requiring the opposing party to "offer some hard evidence showing that its version of the events is not wholly fanciful." D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998).

Specifically, to defeat a motion for summary judgment, the non-movant must come forward with specific evidence showing that a genuine issue of material fact exists. West-Fair Elec. Contractors v. Aetna Cas. & Surety Co., 78 F.3d 61, 63 (2d Cir. 1996).  A genuine issue of material fact exists only if "a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986); see also Donnelly v. Greenburgh Cent. Sch. Dist. No. 7, 691 F.3d 134, 141 (2d Cir. 2012).  In determining if a genuine dispute of material fact exists, "the court must resolve all ambiguities and draw all factual interferences in favor of the party against whom summary judgment is sought." Buckley v. Deloitte & Touche USA LLP, 888 F. Supp. 2d 404, 415 (S.D.N.Y. 2012) aff'd, 541 F. App'x 62 (2d Cir. 2013) (citation omitted). Moreover, mere conclusory allegations, speculation, or conjecture will not avail a party opposing summary judgment. D'Amico, 132 F.3d at 149. As a result, "[w]here no rational finder of fact court find in favor of the nonmoving party because the evidence to support its case is so slight, summary judgment must be granted." Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011) (internal quotation marks and citation omitted).

Courts have explicitly recognized that "[s]ummary judgment is often appropriate in mortgage foreclosure actions." United States v. Paugh, 332 F. Supp. 2d 679 (S.D.N.Y. 2004). As set forth below and based upon the documentary evidence submitted with the Complaint, the Affidavit of Jared Dotoli, Member of Courchevel 1850 LLC, and Plaintiff's E.D.N.Y. Local Civil Rule 56.1 Statement, Plaintiff can establish that there is no genuine issue as to any material fact and that Plaintiff is entitled to judgment as a matter of law.

### III.   SUMMARY JUDGMENT IS PROPER BECAUSE PLAINTIFF HAS ESTABLISHED ITS *PRIMA FACIE* CASE TO FORECLOSE

In previous decisions,[3] this Court has further explained that in a mortgage foreclosure action under New York law, "the lender must prove . . . the existence of an obligation secured by a mortgage, and a default on that obligation." R.B. Ventures, Ltd. v. Shane, 112 F.3d 54, 59 n.2 (2d Cir. 1997) (internal quotation marks omitted); see also E. Sav. Bank, FSB v. Ferro, No. 13-CV-5882, 2015 WL 778345, at *6 (E.D.N.Y. Feb 24, 2015). Applying this standard, courts in this Circuit have found that "summary judgment in a mortgage foreclosure action is appropriate where the Note and the Mortgage are produced to the Court along with proof that the Mortgagor has failed to make payments due under the Note." Builders Bank v. Charm Developments II, LLC, No. 09-CV-3935, 2010 WL 3463142, at *2 (E.D.N.Y. Aug. 30, 2010) (internal quotation marks omitted). Once the plaintiff has made an affirmative showing of the defendant's default, the defendants must make "an affirmative showing" that a defense to the action exists. Builders Bank, 2010 WL 3463142 at *3 (internal quotation marks omitted).

---

[3] See Gustavia Home, LLC v. Rice, E.D.N.Y. Case No. 1:16-cv-02353 (BMC), Docket Entry No. 37 filed 11/14/16, Memorandum Decision and Order of The Honorable Brian M. Cogan; see also Gustavia Home, LLC v. Rutty, E.D.N.Y. Case No. 1:16-cv-02823 (BMC), Docket Entry No. 40 filed 1/24/17, Memorandum Decision and Order of the Honorable Brian M. Cogan.

In the instant case, the documents attached to Plaintiff's Complaint, the validity of which Defendant Mohammaed Alam, the <u>sole</u> obligor on the Note and Mortgage, have not been contested, establish both the existence of an obligation and a default.  Moreover, the Affidavit from Jared Dotoli, Courchevel 1850 LLC's Member, attests to Defendant Alam's default under the terms of the Note and Mortgage.  Accordingly, Plaintiff is entitled to summary judgment unless Defendants "sets forth concrete particulars showing that a trial is needed." <u>M&T Mortg. Corp. v. White</u>, 2010 WL 3420480 at 7 (E.D.N.Y 2010) (internal quotation marks omitted); <u>see also</u> <u>Builders Bank</u>, 2010 WL 3463142; <u>Bank of Albany v. Fioravanti</u>, 51 N.Y.2d 638, 648 (1980); <u>Chemical Bank v. Econ</u>, 87 A.D.2d 706, 448 N.Y.S.2d 898 (3rd Dep't 1982).  As explained more fully below, Defendant KOZNITZ I LLC[4] fails to set forth or demonstrate any particulars that would show that a trial is needed.

Defendant's Answer is comprised of a series of general denials and 8 baseless affirmative defenses lacking any evidentiary substantiation. Accordingly, Defendant's Answer fails to raise any triable issues of fact that would preclude this Court from granting summary judgment in Plaintiff's favor as a matter of law. See <u>M&T Mortg. Corp. v. White</u>, 2010 WL 3420480; <u>see also</u>, <u>Stern v. Stern</u>, 87 A.D.2d 887, 449 N.Y.S.2d 534 (2d Dep't 1982); <u>Iandoli v. Lange</u>, 35 A.D.2d 793, 315 N.Y.S.2d 752 (1st Dep't 1970). "To avoid summary judgment, the non-movant must set forth specific factual allegations." <u>M&T Mortg. Corp. v. White</u>, 2010 WL 3420480, at 7.  Nothing contained in the Answer provides this Court with any facts in contravention of those set forth by Plaintiff.  Rather, the Answer bolsters Plaintiff's *prima facie* case that Defendant Alam defaulted under the terms of the Note and the Mortgage.  As such, it is respectfully submitted that nothing

---

[4] Defendant is the owner of record of the Subject Property by virtue of a deed from Alam recorded on July 26, 2013 in the Office of the City Register of the City of New York for the Queens County. <u>See</u> Complaint with Exhibits ¶10 at **Exhibit "A"**.  Defendant KOZNITZ I LLC obtained the property subject to the Mortgage made by Alam.

contained in the Answer sets forth any genuine issues of material fact necessary to defeat Plaintiff's *prima facie* case to foreclose. An analysis of Defendants' Affirmative Defenses are set forth below.

## **DEFENDANT'S AFFIRMATIVE DEFENSES LACKS MERIT**

It is respectfully submitted that Defendant's Affirmative Defenses are supported solely by self-serving and conclusory allegations without pleading any supporting facts or documentary evidence.  As a matter of law, none of these claims have legal merit. It is well-settled that Defendant cannot defeat a motion for summary judgment with nothing more than unsupported assertions or allegations in their pleadings. Fed. R. Civ. P. 56(e); Cifarelli v. Vill. of Babylon, 93 F.2d 47, 51 (2d Cir. 1996).  Likewise, *Defendant* cannot rely on mere conclusory allegations, and as such, Defendant's Affirmative Defenses should be stricken in their entirety.  Morris v. Landau, 196 F.3d 102, 109 (2d Cir. 1999).

Plaintiff established its *prima facie* case by the Dotoli Affidavit because it submitted the Mortgage, the Note, and evidence of default.  *See* Valley Natl. Bank v. Deustch, 88 Ad3d 691, 930 NYS2d 77 (2d Dept. 2011).   By its submissions in the Complaint, Plaintiff has established its *prima facie* case.  See CPLR §3212; RPAPL §1321; Wachovia Bank, N.A. v. Carcano, 106 AD3d 724, 965 NYS2d 516 (2d Dept. 2013); U.S. Bank, N.A. v. Denaro, 98 AD3d 964, 950 NYS2d 581 (2d Dept. 2012). Under these circumstances, Plaintiff has demonstrated its *prima facie* burden as to the merits of this foreclosure action.  [*See also* Dotoli Affidavit at ¶¶7, 10, 11 and 12].

    a.  Defendant's First and Second Affirmative Defense, That Plaintiff Lacks Standing to Foreclosure or that Plaintiff cannot establish that the note and/or mortgage executed by Defendant was assigned to plaintiff, Contradicts the Evidence Presented

The  Defendant's  First  and  Second  Affirmative  Defense  [Answer  ¶"FIRST AFFIRMATIVE DEFENSE" and "SECOND AFFIRMATIVE DEFENSE"] is of no moment

inasmuch as Defendant has failed to submit evidence or in any way discount or disprove the Affidavit of Note Possession initially filed along with the Complaint on February 13, 2017. The evidence attached to the Complaint establishes that Plaintiff had standing to commence this action and therefore its *prima facie* entitlement to summary judgment.

In a mortgage foreclosure action "a plaintiff has standing where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced." Bank of N.Y. v. Silverberg, 86 A.D.3d 274, 926 N.Y.S.2d 532 (2d Dept 2011). In particular, whether the plaintiff holds the note is critical, since when a promissory note is delivered to an assignee, "the mortgage passes as an incident to the note." Silverberg, 86 A.D.3d at 280, 926 N.Y.S.2d at 537. Put differently, "[a] fundamental legal principle is that the mortgage follows the note, which means that as the note changes hands, the mortgage remains connected to it legally even though it is not physically attached." Deutsche Bank Nat'l Trust Co. v. Pietranico, 33 Misc.3d 528, 928 N.Y.S.2d 818 (Sup. Ct. Suffolk Cnty. 2011); see also Weaver Hardware Co. v. Solomovitz, 235 N.Y. 321, 139 N.E. 353 (1923) ("A mortgage given to secure notes is an incident to the latter and stands or falls with them.")

Thus, in this case, Plaintiff has filed an Affidavit of Note Possession attached at **Exhibit "A"** along with the initial Complaint to this action on February 13, 2017, which Defendants has failed to submit any evidence to the contrary thereby failing to raise a triable issue of fact. As such, Defendant's standing defense must be dismissed. The documentary evidence submitted by Plaintiff shows that Plaintiff had standing to commence this action because Plaintiff was both the holder and assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced. Accordingly, Defendant's First and Second Affirmative Defense should be dismissed.

6

b. Defendant's Third and Fourth[5] Affirmative Defense, that Plaintiff has not alleged that the subject note and/or mortgage was assigned to it by one with authority to do so, Contradicts the Evidence Presented

The Defendant's Third and Fourth Affirmative Defense [Answer ¶ "THIRD AFFIRMATIVE DEFENSE" and "FOURTH AFFIRMATIVE DEFENSE"] alleges that Plaintiff has failed to establish that the subject note and/or mortgage were assigned by one with authority to do so. As stated herein, in a mortgage foreclosure action "a plaintiff has standing where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced." Bank of N.Y. v. Silverberg, 86 A.D.3d 274, 926 N.Y.S.2d 532 (2d Dept 2011). In particular, whether the plaintiff holds the note is critical, since when a promissory note is delivered to an assignee, "the mortgage passes as an incident to the note." Silverberg, 86 A.D.3d at 280, 926 N.Y.S.2d at 537. Here, Defendant has not disputed the Plaintiff's documentary evidence that Plaintiff was in possession of the Note and Mortgage prior to the commencement of the instant action.

Moreover, the Defendant does not provide which assigning entity did not have authority to assign the Note and Mortgage. A review of the Note attached to Plaintiff's Complaint at Exhibit "B" provides that the originator the loan was AmTurst Bank, N.A. The Note was thereafter endorsed specifically to The Federal Home Loan Bank of Cincinnati. See Plaintiff's Complaint and **Exhibit "B"** as attached thereto. Thereafter, the Note and Mortgage were further endorsed specifically to the Federal Deposit Insurance Corporation as Receiver for AmTrust Bank of Cleveland, Ohio, and assigned then to Bayview Loan Servicing, LLC. See Plaintiff's Complaint and **Exhibit "B"**. The Note was further endorsed by an Allonge to RCS Recovery Services, LLC wherein the allonge was firmly affixed to the Note. See Plaintiff's Complaint and **Exhibit "B"**.

---

[5] The Fourth Affirmative Defense is duplicative of the Third Affirmative Defense.

7

The Note was further endorsed by an Allonge to Blue Lagoon LLC and then Courchevel 1850 LLC by an allonge dated January 11,2017, which date is prior to February 13, 2017, a date prior to the commencement of the instant action. See Plaintiff's Complaint and **Exhibit "B"**. The Defendant's meritless, baseless and unsupported allegations with regards to its Third and Fourth Affirmative Defense must be stricken as the Defendant fails to provide which entity failed to have authority to assign the Note and Mortgage.

> c.   Defendant's Fifth Affirmative Defense, that Plaintiff cannot establish that it mailed a Notice of Default, as required by the terms of the Mortgage, Contradicts the Evidence Presented

The Defendant's Fifth Affirmative Defense [Answer ¶ "FIFTH AFFIRMATIVE DEFENSE"] alleges that Plaintiff has failed to establish that it mailed a notice of default, as required by the terms of the mortgage.   It is undisputed that Defendant KOZNITZ I LLC did not execute the Note nor Mortgage, which is the subject of the instant action.   See Complaint with exhibits at **Exhibit "A"**.   The Notice of Default was mailed to Defendant Mohammed Alam by First Class Mail and Certified Mailing.   See Complaint **Exhibit "E"**.

Specifically, Paragraph 22 of the Mortgage details Plaintiff's obligations with regard to providing **Defendant Alam** with notice of any default.   Specifically, Plaintiff must send a notice that states:

1. The promise of agreement that [mortgagor] failed to keep or the default that occurred;
2. The action that [mortgagor] must take to correct the default;
3. A date by which [mortgagor] must correct the default.  That date will be at least 30 days from the date on which the notice is given;
4. That if [mortgagor] does not correct the default by the date stated in the notice, Lender may require Immediate Payment in Full, and Lender or another Person may acquire the Property by means of Foreclosure and Sale;
5. That if [mortgagor reinstates his loan]… [mortgagor] will have the right to have Lender's enforcement of this Security Instrument stopped and to have the Note

8

and this Security Instrument remain fully effective as if Immediate Payment in Full had never been required; and

6. That [mortgagor] has the right in any lawsuit for Foreclosure and Sale to argue that [mortgagor] did keep [mortgagor's] promises and agreement under the Note and under this Security Instrument, and to present any other defenses that [mortgagor] may have.

Alam was given notice of his default on December 8, 2016, the reason for his default, what was required to cure the default and a thirty day opportunity to cure the default in accordance with the terms of the aforementioned note and mortgage. See Default Letter at Plaintiff's Complaint **Exhibit "E"**. Alam failed to cure said default.

A mortgagor's simple denial of receipt of default and acceleration notice was insufficient to rebut presumption of receipt from proof that notice was appropriately mailed by mortgagees. Sansone v. Cavallaro, 284 A.D.2d 817, 818, 727 N.Y.S.2d 516 (3rd Dept. 2001).

Defendant KOZNITZ I LLC's Fifth Affirmative Defense is further ambiguous as it is not plead with any particularity as to whether KOZNITZ I LLC, as owner of the Subject Property, believes that it too was entitled to a notice of default or whether it believes Plaintiff failed to provide notice to Alam. Here, Defendant KOZNITZ I LLC is not the mortgagor and is not entitled to notice of default nor does Alam, who has not appeared or interposed an answer to the instant action, refuted Plaintiff's proof of mailing.

Compliance can be demonstrated by proof of actual mailing (e.g., certified copies of properly addressed and stamped or postmarked parcels, certified mailing records, or certified delivery records) (see CPLR 3212-a; CPLR 4518 [a]; Trusts & Guar. Co. v. Barnhardt, 270 N.Y. 350, 352 [1936]; Flagstar Bank, FSB v. Mendoza, 139 A.D.3d 898, 900 (2nd Dept. 2016); Aziriliant v. Eagle Chase Assocs., 213 A.D.2d 573, 575-576 (2nd Dept. 1995); Kearny v. Kearny, 42 Misc. 3d 360, 369-373 (Sup. Ct. Monroe Cty. 2013)).   Here, there is ample documentary proof

that a notice was mailed to Defendant Alam and was accepted on December 13, 2016. <u>See</u> USPS Tracking at **Exhibit "C"**.

Based on the fact that Defendant Koznitz I LLC cannot refute the documentary evidence that Plaintiff provided a notice of default to Alam, its Fifth Affirmative Defense must be stricken.

> d. <u>Defendant's Sixth Affirmative Defense, that Plaintiff has Failed to State a Cause of Action Upon Which Relief May Be Granted Must Be Stricken</u>

For Defendant's Sixth Affirmative Defense [Answer ¶SIXTH AFFIRMATIVE DEFENSE] Defendant alleges that Plaintiff has failed to state a cause of action upon which relief may be granted.

Plaintiff can satisfy its *prima facie* case of foreclosure. To foreclose a mortgage, the common-law elements require (a) the existence of a debt, (b) secured by a mortgage, and (c) a default on that debt. <u>OneWest Bank, N.A. v. Conklin</u>, 310 F.R.D. 40 (N.D.N.Y. 2015).

Here, Plaintiff asserts that it set forth a cause of action upon which relief could be granted by including the following information in the Foreclosure Complaint: (1) the identity of the parties; (2) the cause of action – breach of the obligations under a Note and Mortgage; (3) the breach – the failure to pay the September 1, 2010 payment and the monthly payments thereafter; (4) the acceleration of the obligation due to the breach; (5) the remedy being sought -a foreclosure of the mortgage held by Plaintiff pursuant to the terms of the mortgage; (6) the property that had been mortgaged and the proceeds of the sale of which by a foreclosure auction would be utilized by the Referee to pay what the Court determined Plaintiff was owed; (7) Plaintiff's standing as owner of the mortgage to foreclose; (8) the amount of the principal balance and (9) that this relief has not been sought in any other proceeding.

Based on the foregoing, the Defendant's Sixth affirmative defense must be stricken.

e. <u>Defendants' Seventh Affirmative Defense regarding Plaintiff's failure to establish compliance with NY RPAPL §1320 is not applicable to the instant action</u>

For the Seventh [Answer ¶ "SEVENTH AFFIRMATIVE DEFENSE"] Affirmative Defense, alleges that Plaintiff has not established compliance with NY RPAPL §1320, which provides that in an action to foreclose a mortgage on a residential property containing not more than three units, in addition to the usual requirements applicable to a summons in the court, the summons shall contain additional language. <u>See</u> RPAPL §1320.

As stated herein, the record owner of the Subject Property is KOZNITZ I LLC and therefore the instant action is no longer a residential foreclosure action. Defendant KOZNITZ I LLC is also not entitled to any notices pursuant to Real Property Actions and Proceedings Law because it not the obligor on the Note and Mortgage and has acquired the property subject to the Plaintiff's Mortgage. Moreover, there is no proof that anyone resides at the Subject Property as there is currently no certificate of occupancy for the Subject Property. <u>See</u> NYC Department of Buildings Search at **Exhibit "D"**. Based on the numerous violations on the Subject Property it appears that there is construction pending[6].

f. <u>Defendants' Eighth Affirmative Defense regarding Real Property Actions and Proceedings Law §1303 Notices is Unsupported by the Evidence</u>

Defendant for its Eighth [Answer ¶ "EIGHTH AFFIRMATIVE DEFENSE"] Affirmative defense, alleges that Plaintiff failed to properly serve notice required to RPAPL §1303. Plaintiff has, in fact, complied with the applicable requirements of RPAPL §1303.

---

[6] Notably, the omission of special notice pursuant to RPAPL §1320 does not deprive the court of subject matter jurisdiction to entertain the action. <u>See</u> <u>Summitbridge Credit Investments, LLC v. Wallace</u>, 128 A.D.3d 676, 9 N.Y.S.3d 320 (2nd Dept. 2015).

11

RPAPL §1303 provides that notice must be provided to a mortgagor of an owner-occupied one-to-four family dwelling containing specific statutory language. See RPAPL §1303 generally. The notice pursuant to RPAPL §1303 must accompany the Complaint. See RPAPL §1303.

An affidavit of service in conformity with CPLR §306 is *prima facie* evidence of proper service. Maldonado v. County of Suffolk, 229 A.D.2d 376 (2nd Dept. 1996). See also Sando Corp. v. Aris, 209 A.D.2d 682 (2nd Dept. 1994); Gehway Corp. v. Elgut, 177 A.D.2d 467 (2nd Dept. 1990).

Critically, Defendant KOZNITZ I LLC is not the mortgagor in the instant action and would not be entitled to any notice.

Notwithstanding, a review of the Affidavits of Service filed with this Court at Docket Nos.: 21 provide that Phillip Restivo, served the RPAPL "1303 NOTICE-Help for Homeowners in Foreclosure" on March 29, 2017 on Defendant Mohammed Alam. See Affidavits of Service at Docket Nos.: 21 and **Exhibit "E"**.

Additionally, on April 4, 2017, Phillip Restivo also mailed a copy of the above documents, in addition to other pleadings, to the Defendant'. See aforementioned **Exhibit "E"**.

As Plaintiff has complied with the applicable notice requirements as to Defendant Mohammed Alam the Defendant's Eighth Affirmative Defense must be stricken.

## IV.    CONCLUSION

In conclusion, Plaintiff Courchevel 1850 LLC has established its *prima facie* case for Summary Judgment by producing the duly executed Note, Mortgage and an Affidavit from Jared Dotoli a Member of Courchevel 1850 LLC attesting to the loan default. In opposition, Defendant

sets forth eight (8) baseless Affirmative Defenses in its Answer that are nothing more than unsubstantiated conclusory assertions, none of which raise any defense to the instant foreclosure action nor present any triable issues of fact.  Importantly, Defendant KOZNITZ I LLC took the property knowing full well that a Mortgage encumbered the Subject Property.

Based on the foregoing, Plaintiff's Motion for Summary Judgment should be granted in its entirety.

Dated: June 18, 2018
       Syosset, New York

By:   /s/ *Alan Smikun*
      Alan Smikun, Esq.

13