UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x          17-00785 (JBW)(SMG)
COURCHEVEL 1850 LLC,

                         Plaintiff

         -against-

MOHAMMED ALAM, KOZNITZ I LLC, UNITED
STATES OF AMERICA (INTERNAL REVENUE
SERVICE), NY STATE DEPARTMENT OF TAXATION
AND FINANCE; CITIBANK, N.A.;  CITIBANK (SOUTH
DAKOTA) NEW YORK CITY ENVIRONMENTAL
CONTROL BOARD; NEW YORK CITY TRANSIT
ADJUDICATION BUREAU; NEW YORK CITY
PARKING VIOLATIONS BUREAU,

                         Defendants.
--------------------------------------------------------x


# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT


SOLOMON ROSENGARTEN (SR-8050)
Attorney for Defendant
Koznitz I LLC
1704 Avenue M
Brooklyn, New York 11230
(718) 627-4460
vokma@aol.com

1

**POINT I**

**THE COURT LACKS SUBJECT MATTER JURISDICTION**

This action was brought pursuant to 28 U.S.C. §1332(a)(1).  Diversity suits are limited to suits by "citizens of different states." One of the defendants named herein is the New York State Department of Taxation and Finance, an arm of the State of New York.  In paragraph 14 of the complaint, the plaintiff specifically alleges that the New York State Department of Taxation and Finance is a "necessary party-defendant." Indeed, since the agency has a lien on the property, as alleged in the complaint, NY RPAPL § 1311(3) makes it a "necessary party."

It is well settled that "a State is not a 'citizen' for the purposes of diversity jurisdiction." Moor v. Cnty. of Alameda,  411 U.S. 693, 717 (1973). Thus, the fact that the New York State Department of Taxation and Finance is a party defendant herein destroys diversity and deprives the court of subject matter jurisdiction. Where there is no other basis for subject matter jurisdiction but diversity, and where complete diversity is lacking, the court lacks jurisdiction over the entire action—not just those claims against the nondiverse defendants. Exxon Mobil Corp. v. Allapattah Servs. Inc., 545 U.S. 546, 553 (2005).

 The plaintiff has also named the United States of America (Internal Revenue Service). It is self-evident that neither the United States nor the Internal Revenue Service is a "citizen" of any State for diversity purposes.

Finally, plaintiff alleges in its complaint that defendant Citibank is a citizen of South Dakota. Plaintiff has not offered an iota of evidence that Citibank was a citizen of the State of South Dakota. "The party seeking to invoke jurisdiction under 28 U.S.C. §1332 bears the burden of demonstrating that the grounds of diversity exist and that diversity is complete."  Advani Enter., Inc. v. Underwriters at Lloyds, 140 F.3d 157, 160 (2nd Cir. 1998).  Since plaintiff has not

offered any evidence as to Citibank's citizenship, it has failed to meet its burden that diversity exists.

       The Court therefore lacks subject matter jurisdiction and the action must be dismissed.

## POINT II

### PLAINTIFF DOES NOT HAVE STANDING TO MAINTAIN THIS ACTION

In New York, one of the elements of a cause of action for foreclosure which must be proven by a plaintiff is that it has standing to bring the action. Bank of New York v. Silverberg, 86 A.D.3d 274, 279 (NY 2nd Dept. 2011). Once the issue of standing is raised by a defendant, a plaintiff is required to prove that it does, in fact, have the requisite standing to maintain the action. Bank of New York v. Silverberg, supra.

In defendant's Answer it asserted that plaintiff lacked standing to maintain this action. It is well settled that a plaintiff in a foreclosure action has standing "where it is both the holder and assignee of the subject mortgage **and** the holder or assignee of the underlying note at the time the action is commenced (Emphasis added). Id. at 279; Countrywide Home Loans Inc. v. Gress, 68 A.D.3d 709, 710 (NY 2nd Dept. 2009).

The complaint alleges that defendant Alam executed a note in favor of AmTrust Bank. Plaintiff also alleges that the note was assigned as follows:

> (a)  The note was endorsed specifically to The Federal Home Loan Bank of Cincinnati
>
> (b)  The Federal Home Loan Bank of Cincinnati then specifically endorsed the note to the Federal Deposit Insurance Corporation as Receiver for AmTrust Bank of Cleveland Ohio.
>
> (c)  Federal Deposit Insurance Corporation endorsed the note to Bayview Loan Servicing, LLC.
>
> (d)  Bayview Loan Servicing, LLC endorsed the note by an Allonge to RCS Recovery Services, LLC.
>
> (e)  RCS Recovery Services, LLC further endorsed the note by an Allonge to Blue Lagoon LLC.
>
> (f)  Blue Lagoon LLC then endorsed the note by an Allonge to the plaintiff.

New York UCC §3-202(2) requires that in order for an indorsement or allonge to effect an assignment of a note, the indorsement must be on the instrument itself or "on a paper so

firmly affixed thereto as to become a part thereof."  When the indorsement in question is not on the instrument itself, its validity depends on whether it was  "on a paper so firmly affixed thereto as to become a part thereof."  Since the initial burden of proof is on the plaintiff, it must prove that the indorsements and allonges were so affixed. As set forth below, plaintiff has not established that the indorsement and/or relevant allonge was firmly affixed to the note and the allonge cannot be evidence of an assignment. Consequently, even assuming, *arguendo*, that plaintiff was in physical possession of the note, its alleged delivery to it was ineffective to constitute an assignment.

In the instant case, plaintiff seeks to proof that it is the holder of the note by a series of endorsements and allonges (Exhibit "B" to affidavit of Jared Dotoli, in support of plaintiff's motion).  As set forth in the Declaration of Solomon Rosengarten, a review of the note and allonges found that the note, endorsement and allonges were attached by one staple on the left side.  There was no indication that any staples had been removed.  It is therefore evident that those documents were fastened after the final allonge, from Blue Lagoon LLC to plaintiff, was executed.  Therefore, the endorsement from Bayview Loan Services, LLC to RCS Recovery Services LLC ("RCS") was not "firmly attached" to the note.  The alleged assignment Bayview Loan Servicing, LLC and subsequent "assignments" were therefore ineffective. Since Bayview was never in possession of the note, Bayview could not have made any further assignments and the last "assignment" to plaintiff was therefore ineffective.

Furthermore, the allonges from Bayview to RCS and RCS to Blue Lagoon were likewise not "firmly attached" to the note.

5

Since a transfer of the note by endorsement or allonge can only be effected when the endorsement or Allonge are "firmly attached" to the note, the note was never assigned in accordance with the requirements of the UCC.  HSBC Bank USA v. Roumiantseva, 130 A.D.3d 983 (2nd Dept. 2015). On a motion for summary judgment, the plaintiff has the initial burden of proving every element of its case. The failure to demonstrate that the note was assigned to plaintiff is fatal to plaintiff's motion for summary judgment and mandates dismissal of the complaint.

<u>**POINT III**</u>

<u>**PLAINTIFF FAILED TO ESTABLISH THAT IT MAILED A NOTICE OF DEFAULT TO DEFENDANT IN ACCORDANCE WITH THE TERMS OF THE MORTGAGE**</u>

Paragraph 22 of the subject mortgage, annexed as Exhibit "C" to plaintiff's moving papers, requires that a default letter must be sent to the borrower. The letter must state that the borrower is in default and must give the borrower an opportunity to cure the default. Paragraph 22(b)(3) requires that the borrower be given a date by which the default must be cured "And that date will be at least 30 days from the date the notice is given."

Under New York law, mailing such a notice is a "condition precedent" to the commencement of a foreclosure action. Emigrant Bank v. Myers, 147 A.D.3d 1027 (NY 2nd Dept. 2017); <u>U.S. Bank N.A. v. Singh</u>, 147 A.D.3d 1007, 1008 (NY 2nd Dept. 2017); <u>GMAC Mtge. LLC v. Bell</u>, 128 A.D.3d 772 (NY 2nd Dept. 2017); <u>Wells Fargo Bank v. Eisler</u>, 118 A.D.3d 982 (2nd Dept. 2014). Moreover, the mailing must be by first class mail. Id.

As will be detailed below, plaintiff has failed to establish (a) that the notice was mailed, (b) that, if mailed, it was done by first class mail, (c) that the address to which it was allegedly mailed was that of defendant Alam and (d) that the borrower was given thirty days to cure.

As "proof" of such mailing, plaintiff has submitted an affidavit of Jared Dotoli, who identifies himself as a Member of plaintiff and the Declaration of Alan Smikum, plaintiff's counsel. Mr. Dotoli attests that, "On December 8, 2016, a 30 day notice to cure

7

was issued to Mohammed Alam (the Default Notice) . . ." The notice is annexed to plaintiff's moving papers as Exhibit "D" to the Declaration Alan Smikum. The letterhead on the notice is that of the Margolin & Weinreb Law Group.

As stated, plaintiff relies the affidavit of Mr. Dotoli and Alan Smikum, Esq., counsel for plaintiff, in support of its motion, With respect to the Dotoli affidavit, it states only that the "30 day notice was issued." He does not attest to its mailing. Mr. Smikum's Declaration states that the 30 day notice was "mailed" and that proof of such mailing is annexed as Exhibit "E". It is, at best, unclear, what Mr. Smikum believes constitutes "proof of mailing."

Included in Exhibit "E" is some kind of "confirmation" from UPS that a letter was delivered. However, it does not give the address of delivery. It only states that a delivery was made in East Elmhurst, New York. Moreover, it conflicts with the default letter and Mr. Smikum's Declaration. The default letter states that it was mailed by first class mail and by certified mail, while the UPS "confirmation" references a delivery by UPS. It should be emphasized that alleged delivery by UPS does not constitute a first class mailing, as required by New York courts.

Furthermore, the default letter is addressed to Mohammed Alam at 2412 Gilmore Street in East Elmhurst, New York. Plaintiff has not offered an iota of evidence whicg would indicate that this was Mr. Alam's address at the time of the alleged "mailing."

Moreover, New York law is clear that in order to prove a mailing in a foreclosure action, the person attesting to this must be familiar with the mailing practices and procedures of the mailer. Investors Savings Bank v. Salas, 152 A.D.3d 752, (2nd Dept.

8

2017); Citibank v. Wood, 150 A.D.3d 813 (2nd Dept. 2017); Wells Fargo Bank, N.A. v Lewczuk, 153 A.D.3d 890 (2nd Dept.2017); Wells Fargo Bank, N.A. v. Trupia, 150 A.D.3d 1049 (2d Dept.2017); CitiMortgage, Inc. v Pappas, 147 A.D.3d 900 (2nd Dept. 2017); Aurora Loan Services v. Baritz, 144 A.D.3d 618 (2nd Dept. 2016); HSBC Mtge. Servs., Inc. v. Royal, 142 A.D.3d 952 (2nd Dept. 2016); Deutsche Bank Natl. Trust Co. v. Brewton, 142 A.D.3d 683 (2nd Dept. 2016); U.S. Bank v. Handler, 140 A.D.2d 948 (2nd Dept. 2016); Aurora Loan Servs. v. Mercius, 138 A.D.3d 650 (2nd Dept. 2016). No evidence of the mailing practices and procedures of the Margolin & Weinreb Law Group is included in Mr. Smikum's Declaration.

Finally, the notice of default did not give the borrower thirty days to cure, as required by paragraph 22 of the mortgage instrument. Although the default letter is dated December 8, 2016, the plaintiff has not offered any admissible evidence as to when it was mailed. Therefore, it is impossible to know whether the borrower was given thirty days to "cure." Furthermore, if the Court were to give credence to the UPS documents, it shows a delivery of something to East Elmhurst on December 13, 2016. The "cure" date given in the letter was January 7, 2017, less than the thirty day period required by the mortgage instrument.

Plaintiff has failed to establish that it satisfied the condition precedent to the commencement of a foreclosure action by sending defendants notices of default. Under New York law, the failure to prove that a notice of default was mailed as required by the terms of the mortgage instrument requires dismissal of the action. U.S. Bank v. Singh, 147 A.D.3d 1007, supra; GMAC Mtge. LLC v. Bell, supra; Wells Fargo Bank v. Eisler, supra.

11

## **CONCLUSION**

The foregoing clearly establishes that plaintiff has failed to prove its entitlement to summary judgment. Moreover, defendant has established that the action must be dismissed.

Dated: August 10, 2018                                        *Solomon Rosengarten*
                                                                        _____
                                                                        SOLOMON ROSENGARTEN (SR-8050)