UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
COURCHEVEL 1850 LLC,

                              Plaintiff,                           ORDER TO SHOW CAUSE
                                                                                 17-CV-00785 (JBW) (SMG)

      -against-

MOHAMED ALAM, KOZNITZ I LLC, UNITED
STATES OF AMERICA (INTERNAL REVENUE
SERVICE), N.Y. STATE DEPARTMENT OF
TAXATION AND FINANCE, CITIBANK, N.A.,
CITIBANK (SOUTH DAKOTA), N.A., NEW YORK
CITY ENVIRONMENTAL CONTROL BOARD, NEW
YORK CITY TRANSIT ADJUDICATION BUREAU,
and NEW YORK CITY PARKING VIOLATIONS
BUREAU.

                              Defendants.
-------------------------------------------------------------------- x

GOLD, STEVEN M., U.S.M.J.:

      The Court today issued a report and recommendation in *Gustavia Home, LLC v. 10856 Flatlands 1 Realty Corp., et al.*, Dkt. 57 in 17-cv-4188 ("*Gustavia* R&R"), recommending dismissal of that foreclosure action pursuant to 28 U.S.C. § 1359. Section 1359 states that "[a] district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." The Supreme Court held in *Kramer v. Caribbean Mills* that an assignment made, admittedly "in substantial part . . . to make diversity jurisdiction available," fell "within [the] very core" of § 1359. 394 U.S. 823, 828, 830 (1969).

      Here, after reviewing the papers submitted in connection with the complaint and Plaintiff's motion for summary judgment, the Court has discovered striking similarities between the instant facts and those presented in *Gustavia*. In that case, like here, the note secured by the

mortgage at issue was purportedly assigned to the plaintiff some time before the foreclosure action was commenced. In *Gustavia*, I found that there was no evidence that plaintiff gave any consideration in exchange for the note and mortgage, and no information was provided about when the instruments were transferred. *See* Gustavia R&R at 7–12. In the present case, the note ("Note") and mortgage ("Mortgage") were purportedly transferred to plaintiff from Blue Lagoon LLC on January 11, 2017, *see* Note at 7, Dkt. 1-2, shortly before this case was commenced on February 13, 2017, *see* Compl., Dkt. 1.[1] As in *Gustavia*, plaintiff has not presented any evidence that it paid any consideration in exchange for receiving the Note and Mortgage, or that the transfer was made for a legitimate business purpose.

The Note was assigned to plaintiff, itself an LLC, by Blue Lagoon, also an LLC. If Blue Lagoon is the true party to this controversy, or if Blue Lagoon assigned the Note to plaintiff for the purpose of creating diversity, complete diversity—and hence subject matter jurisdiction—may be lacking. A limited liability company is completely diverse from the opposing parties only if all of its members are citizens of different states than all opposing parties. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 52 (2d Cir. 2000) ("[D]efendants Bedford Partnership and Bedford LLC are, for diversity purposes, citizens of Florida because both entities have Florida members"); *Receivables Exch., LLC v. Hotton*, 2011 WL 239865, at *1 (E.D.N.Y. Jan. 21, 2011) (explaining that, "for diversity purposes, an LLC is a citizen of every state that its members are citizens of") (citations omitted). Blue Lagoon's member, Yonel Devico, may be a New York citizen, Gustavia R&R at 10–12, as are some of the defendants in this action, Compl. ¶¶ 5–21.

---

[1] The Complaint itself is dated January 26, 2017.

It is also significant that Plaintiff has not explained the relationship between the owners of Courchevel and the entities that allegedly held the Note before it. The Note was reportedly transferred by Devico on behalf of Blue Lagoon, *see* Note at 7, while Jared Dotoli is listed as the owner of Plaintiff, *see* Affidavit of Note Possession ¶ 1, Dkt. 1-4. In *Gustavia*, the complaint alleged that the plaintiff LLC's sole member is Dotoli, the same individual said to be the sole member of plaintiff Courchevel. There are, however, several documents suggesting that Devico was also a member of, or at the very least, exercised control over Gustavia. Gustavia R&R at 10–11. Furthermore, plaintiff in this action contends that its address is 104 SE 8th Avenue, Fort Lauderdale, Florida 33301, *see* Compl. ¶ 2; this is the same address provided as Blue Lagoon's and Gustavia's principal places of business, *see* Gustavia R&R at 11. These facts suggest the possibility that plaintiff and others may have engaged in collusive behavior to manufacture diversity jurisdiction and bring foreclosure actions in federal court, rather than in state court where they may properly belong.

Although Koznitz has not questioned whether Plaintiff manufactured diversity jurisdiction in violation of 28 U.S.C. § 1359, "[i]t is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory." *Manway Constr. Co. v. Housing Auth. of City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983) (citing Fed. R. Civ. P. 12(h)). Accordingly, Plaintiff is ordered to show cause why this Court should not conclude that diversity jurisdiction has been manufactured and that dismissal is warranted pursuant to Section 1359. Plaintiff's response should provide evidence speaking to the factors set forth in *Airlines Reporting Corporation v. S and N Travel, Inc.*, 58 F.3d 857, 863 (2d Cir. 1995), including, but not limited to:

3

1) Plaintiff's previous connection with the claim assigned;

2) The planned remittance, if any, by plaintiff Courchevel to Blue Lagoon or Yonel Devico of any part of any recovery achieved in this action;

3) Whether Blue Lagoon or Yonel Devico controls any aspect of the conduct of the present litigation;

4) The timing of the assignment, particularly in relation to the commencement of this lawsuit;

5) Any meaningful consideration for the assignment and any evidence that it was paid;

6) The underlying purpose of the assignment; and

7) The nature of the regular business of Courchevel and whether it actually services notes and mortgages or only sues for foreclosure.

Plaintiff's submission shall be due on February 18, 2019. Any response Koznitz wishes to make shall be due on February 25, 2019.

SO ORDERED.

                                                                  /s/
                                            Steven M. Gold
                                            United States Magistrate Judge

Brooklyn, New York
February 4, 2019

*U:\#MS 2018-2019\Courchevel 1850 LLC v. Alam et al., 17-cv-0785 (JBW)\Courchevel - Order to Show Cause.docx*