UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                                    Docket No.: 17-cv-00785
---------------------------------------------------------------x
COURCHEVEL 1850 LLC,

                                                    Plaintiff(s),

    -against-

MOHAMMED ALAM; KOZNITZ I LLC; UNITED STATES OF AMERICA (INTERNAL REVENUE SERVICE); NY STATE DEPARTMENT OF TAXATION AND FINANCE; CITIBANK, N.A.; CITIBANK (SOUTH DAKOTA), N.A.; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; NEW YORK CITY TRANSIT ADJUDICATION BUREAU; NEW YORK CITY PARKING VIOLATIONS BUREAU;

                                                    Defendant(s).
---------------------------------------------------------------x

## MEMORANDUM OF LAW IN RESPONSE
## THIS COURTS SHOW CAUSE OF FEBRUARY 4, 2019

THE MARGOLIN & WEINREB LAW GROUP, LLP
165 Eileen Way, Suite 101
Syosset, New York 11791
516-921-3838
Attorneys for Plaintiff COURCHEVEL 1850 LLC,

## **PRELIMINARY STATEMENT**

This action seeks to foreclose the mortgage upon the real property located at 3228 97th Street, East Elmhurst, New York 11369 also known as Block: 1426 Lot: 20 on the Queens County Tax Map (the "Property") owned by KOZNITZ I LLC ("Defendant"). Defendant, who is not the borrower of the loan, filed an Answer (hereinafter the "Answer") [See ECF Docket No. 30] to the Complaint [See ECF Docket No. 1] filed by Courchevel 1850 LLC (the "Plaintiff"). On June 18, 2018, Plaintiff filed a Motion for Summary Judgment to Strike the Answer pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 56 [See ECF Docket Nos. 38 through 42]. On August 10, 2015, Defendant KOZNITZ I LLC filed a Cross-Motion to Dismiss and for Summary Judgment pursuant to Fed. R. Civ. P. 56 [See ECF Docket Nos. 45 through 49]. On November 6, 2018 Plaintiff filed a Motion to Appoint a Receiver [See ECF Docket Nos. 58 through 60].

A conference before the Court was subsequently scheduled for February 4, 2019 for oral argument on all pending motions [See ECF Docket entry on January 11, 2019]. At the February 4, 2019 Conference the Court issued an order directing the Plaintiff to show cause why the Court should not conclude that diversity jurisdiction was manufactured, and that dismissal is warranted pursuant to 28 U.S.C. §1359 [See ECF Docket No. 69].

For the reasons herein, it is respectfully submitted that Plaintiff has not manufactured diversity and that dismissal pursuant to 28 U.S.C. §1359 is not warranted in this action.

## ARGUMENT

### POINT I

### PLAINTIFF'S IMMEDIATE PREDECESSOR IN INTEREST, BLUE LAGOON LLC, IS A DIVERSE PARTY AND THE SUBSEQUENT ASSIGNMENT TO PLAINTIFF WAS FOR A LEGITIMATE BUSINESS PURPOSE

On February 4, 2019, this Court issued the Order to Show Cause referencing a Report and Recommendation from a separate and non-related foreclosure action entitled *Gustavia Home, LLC v. 10856 Flatlands 1 Realty Corp., et al.* Civil Action No.: 17-cv-4188 ("Gustavia Case"), wherein the Court recommended a dismissal of the Gustavia Case pursuant to 28 U.S.C. §1359. [See Docket No. 57 in 17-cv-4188]. This Court, after reviewing the Plaintiff's submission in this underlying foreclosure action, found "striking similarities between the instant facts and those presented in the *Gustavia* case" and issued the Order to Show Cause herein ordering the Plaintiff to submit evidentiary proof that diversity was not manufactured, and why the case should not be dismissed. [See Order to Show Cause at Docket No. 69 at Page 1 ¶1]. Specifically, one of the issues raised by the Court in its Order to Show Cause, was whether "Blue Lagoon assigned the underlying Note to the plaintiff for the purpose of creating diversity" [See Order to Show Cause at Docket No. 69 at Page 2 ¶1].

It is respectfully submitted that the citizenship of a limited liability company for diversity purposes is based on the citizenship of its members. *See Ferrara Bakery & Café, Inc. v. Colavita Pasta & Oliva Corp.,* (S.D.N.Y. March 12, 1999). Blue Lagoon LLC, Plaintiff's assignor, is a limited liability company formed under the laws of the State of Delaware with its principal place of business located at 104 SE 8th Avenue, Suite 2, Fort Lauderdale, Florida 33301. [*See* Yonel Devico Affidavit ¶4]; *see also* Blue Lagoon LLC's Operating Agreement at Exhibit "A"]. As set forth in the Devico Affidavit the following is evidenced: Devico is the sole Member of Blue

3

Lagoon LLC. [*See* Yonel Devico Affidavit ¶1]. Yonel Devico is a citizen of the Kingdom of Morocco. Devico is lawfully admitted for non-permanent residence in the United States and is residing in the State of Florida. As such, for diversity purposes, Blue Lagoon LLC is a citizen of the Kingdom of Morocco. *See S. Rock Partners, LLC v. Kiselev*, 2018 U.S. Dist. Lexis 24013, 2018 WL 888725; *see also Mor v. Royal Caribbean Cruises Ltd.*, No. 12 Civ. 3845(JGK), 2012 U.S. Dist. LEXIS 86290, 2012 WL 2333730, at * 1 (S.D.N.Y. June 19, 2012). Devico is not and has never been a citizen of New York. [*See* Yonel Devico Affidavit ¶5]. Accordingly, as Blue Lagoon LLC assigned the note to Plaintiff, as itself a diverse entity, it evidentiarily shows that the transfer of the note to Plaintiff, another diverse entity, was not made to manufacture diversity.

The Court further raised an issue with regard to the timing of the transfer of the Note and Mortgage from Blue Lagoon LLC on January 11, 2017 to Plaintiff Courchevel 1850 LLC, which was effectuated shortly before this case was commenced on February 13, 2017. [*See* Complaint at ECF Docket No. 1 at Exhibit "B"] The Court also surmised that the timing of the assignment from Blue Lagoon LLC to Courchevel 1850 LLC may point as well to an intent to manufacture diversity. As disclosed above, there was no collusion between Blue Lagoon LLC and the Plaintiff to manufacture diversity as either party would have been able to separately maintain this action in Federal Court based on diversity jurisdiction. *See Airlines Reporting Corp. v. S and N Travel, Inc.* 58 F.3d 857, 863 (2d Cir. 1995).

Additionally, and to counter any manufactured diversity issue, Blue Lagoon LLC transferred the note for a legitimate business purpose. Blue Lagoon LLC purchases notes in bulk from a variety of note sellers in the secondary market and then resells those notes that are secured[1] by a mortgage. [*See* Yonel Devico Affidavit ¶13]. Blue Lagoon LLC does not service secured

---

[1] As opposed to unsecured notes.

debts, such as those presented herewith, but only those that are unsecured. [*See* Yonel Devico Affidavit ¶13] In this matter, Blue Lagoon LLC was the owner of a secured note executed by Mohammed Alam on August 18, 2008 to Amtrust Bank for the sum of $177,000.00 plus interest. [*See* Complaint at ECF Docket No.1 Exhibit "B"; *see also* Yonel Devico Affidavit ¶8]. To secure the note, Mohammed Alam executed a mortgage on August 18, 2008 which was recorded on September 4, 2008 in Office of the City Register of the City of New York for the County of Queens in City Register File Number 2008000351815. [*See* Complaint at Docket No. 1 Exhibit "C"]. Pursuant to its business model, Blue Lagoon LLC subsequently sold the secured Note for valid consideration to Courchevel 1850 LLC on January 11, 2017 pursuant to a valid Purchase Agreement dated January 10, 2016. [*See* Purchase Agreement at Exhibit "B"]; [*see also* Yonel Devico Affidavit ¶10]

This documentary evidence proves that Blue Lagoon LLC and Courchevel 1850 LLCs' respective members were diverse, and that the assignment of the secured note was for a legitimate business purpose. Additionally, Blue Lagoon LLC, by and through its sole Member, Yonel Devico, does not control the litigation in the instant action nor does Blue Lagoon LLC share in any of the recovery of the instant action. [*See* Yonel Devico Affidavit ¶¶12, 14 & 15].

## POINT II

### PLAINTIFF ACQUIRED THE NOTE AND MORTGAGE PURSUANT TO A PURCHASE AGREEMENT AND FOR CONSIDERATION

Further raised by the Court in its Order to Show Cause, was that Plaintiff failed to provide evidence that valid consideration was paid by the Plaintiff in exchange for the note and mortgage. This query thereby triggered another supposition that perhaps Plaintiff's assignor, Blue Lagoon

5

LLC, assigned the note and mortgage solely to manufacture diversity and for no other legitimate purpose. [See Order to Show Cause at Docket No. 69 at Page 2 ¶1].

As articulated in *Airlines Reporting Corp. v. S and N Travel, Inc.* 58 F.3d 857 (2d Cir. 1995), there are situations where, even though the assignor and assignee "do not enjoy a parent-subsidiary relationship… their close ties trigger the presumption of collusion". The Court in *Airlines Reporting Corp.*, considered several factors, including, the assignee's lack of a previous connection with the claim assigned, the remittance by the assignee to the assignor of any recovery, whether the assignor actually controls the conduct of the litigation, the timing of the assignment, the lack of meaningful consideration for the assignment, and the underlying purpose of the assignment. *See Airlines Reporting Corp. v. S and N Travel, Inc.* 58 F.3d 857, 863 (2d Cir. 1995).

In this case, the note was transferred pursuant to a valid Purchase Agreement and consideration was paid to Blue Lagoon LLC. [*See* Purchase Agreement at Exhibit "B"]. Similarly, Blue Lagoon LLC is in the business of acquiring and holding <u>unsecured</u> notes, and those notes as in this case which are secured are sold and transferred to various entities, such as Courchevel 1850 LLC. *See* Yonel Devico Affidavit ¶13] The transfer to Plaintiff was not a collusive attempt to manufacture diversity subject matter jurisdiction and was based upon a legitimate business model.

**THIS SPACE IS LEFT INTENTIONALLY BLANK.**

## **CONCLUSION**

Based on the documentary evidence provided herein and review of the factors as set forth in *Airlines Reporting Corp.* it is respectfully requested this court deem the issues raised in its Order to Show Cause satisfactorily satisfied.

Dated: Syosset, New York
       March 22, 2019

                                      Respectfully submitted,

                                      */s/ Alan Smikun*
                                      Alan Smikun, Esq.