# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

COURCHEVEL 1850 LLC,

                Plaintiff,

-against-

MOHAMMED ALAM; KOZNITZ I LLC; UNITED STATES OF AMERICA (INTERNAL REVENUE SERVICE); NY STATE DEPARTMENT OF TAXATION AND FINANCE; CITIBANK, N.A.; CITIBANK (SOUTH DAKOTA), N.A.; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; NEW YORK CITY TRANSIT ADJUDICATION BUREAU; NEW YORK CITY PARKING VIOLATIONS BUREAU;

                Defendants.
------------------------------------------------------------X

Civil Action No.:
1:17-cv-00785(JBW)(SMG)

AFFIDAVIT OF JARED DOTOLI IN SUPPORT OF PLAINTIFF'S MOTION

STATE OF FLORIDA      )
                                   ) ss.:
COUNTY OF MIAMI DADE  )

        JARED DOTOLI, being duly sworn, deposes and says that:

        1.     I am a Member of Courchevel 1850 LLC ("Courchevel" or "Plaintiff), Plaintiff in the above-referenced foreclosure case and as such, I have personal knowledge of the facts of this case and the events that transpired to date by virtue of my review of the records maintained by Plaintiff in the ordinary course of business and all of the pleadings and proceedings herein.

        2.     I respectfully submit this Affidavit in support of Plaintiff's Motion for an Order:

            a.   Granting Plaintiff Summary Judgment pursuant to FRCP 56(a);

      b. Striking Defendant's Answer with Affirmative Defenses (the "Answer") filed by KOZNITZ I LLC ("Defendant") on February 1, 2018; and

      c. For such other and further relief as this Court deems just and proper.

3. On August 18, 2008, Defendant Mohammed Alam ("Alam") executed a note and mortgage in the principal amount of $177,000.00 plus interest in favor of AmTrust Bank ("AmTrust"). The applicable mortgage tax was paid. Copies of the Mortgage and Note with endorsements and allonges are attached to the Complaint as **Exhibits "B"** and **"C"**, respectively. The Complaint is annexed hereto as **Exhibit "A"**. Said Mortgage was recorded on September 4, 2008 in the Office of the City Register of the City of New York County of Queens in City Register File Number ("CRFN") 2008000351815. Said lien covers the premises known as 3228 97th Street, East Elmhurst, New York 11369 and known as Block: 1426 Lot: 20 (the "Subject Property" or "Property").

4. As alleged in the Complaint at paragraph "31", at the time the Complaint was filed, Plaintiff was in physical possession and was the owner and holder of the Note and Mortgage with all endorsements and allonges as affixed thereto. A review of the business records of Plaintiff provides that the Plaintiff held the Note on January 11, 2017, which date is prior to the commencement of the action.

5. Defendant Alam breached his obligations under the Note (and thereby caused a default under the Mortgage pursuant to Paragraph 20 thereof) by failing to pay the regular monthly payment which came due on September 1, 2010 (the "Event of Default") and all subsequent payments.

6. Pursuant to the Note, "if [borrower] does not pay the full amount of each monthly payment on the date it is due, I will be in default." See ¶6(B) of the Note attached to the Complaint at **Exhibit "B"**.

7. The Mortgage further provides that upon the occurrence of a default, that the "Lender may require immediate payment in full…" (See Paragraph 22 of the Mortgage attached to the Complaint as **Exhibit "C".**)

8. On December 8, 2016, a 30-day notice to cure was issued to Defendant Alam (the "Default Notice") advising of possible acceleration of the loan and that by virtue of his continuing default under the Note and Mortgage, if the arrears are not cured, Plaintiff may declare that the outstanding principal balance due under the Note, together with all accrued interest thereon, is immediately due and payable. A copy of the Default Notice is attached to the Complaint as part of **Exhibit "E"**.

9. Since the transmittal of the Default Notice, Defendant Alam has failed to cure his default under the Note and Mortgage.

10. As set forth in paragraphs "43" and "44" of the Complaint, as of December 8, 2016, the principal amount due and owing to Plaintiff, including all accrued and unpaid interest and late charges was $302,974.62, plus late fees, legal fees, costs and expenses, and such sums as Plaintiff may have advanced for taxes, insurance and maintaining the Subject Property (collectively the "Amount Due").

11. Plaintiff commenced this action on February 13, 2017, by the filing of a Complaint (the "Complaint") seeking to foreclose the Mortgage encumbering the Subject Property. On February 13, 2017, the Clerk issued the Summonses as to the Defendants. [See ECF Doc. No. 1 and ECF Doc. No. 6].

12. The following will set forth the basis of the factual allegations contained in the Complaint, and refute Defendant's denials and purported affirmative defenses as set forth in Defendants' Answer. Defendant's Answer is annexed hereto as **Exhibit "B"**. [See Defendant's Answer at ECF Doc. 31.]

13. Paragraph "1" of the Complaint summarizes the nature of this action, which is to foreclose a mortgage encumbering real property in Queens County, commonly known as 3228 97th Street, East Elmhurst, New York 11369 and also known as Block: 1426; Lot: 20, which is something I know to be true of my own knowledge.

14. Paragraph "2" of the Complaint alleges that Plaintiff is a Delaware Limited Liability Company organized under and by the virtue of the laws of the state of Delaware, having its office located at 104 SE 8th Avenue, Fort Lauderdale, Florida 33301. This is also something I know to be true of my own knowledge.

15. Paragraph "3" of the Complaint alleges that Plaintiff is a single-member limited liability company. This is also something I know to be true of my own knowledge.

16. Similarly, Paragraph "4" of the Complaint alleges that Plaintiff's single-member is an individual who is a citizen of the United States of America and is domiciled in the State of Florida.

17. Paragraph "5" of the Complaint alleges that Defendant Alam is a citizen of the State of New York. This is something I know to be true to the best of my own knowledge, as service of the Summons and Complaint were made on Defendant Alam at 2412 Gillmore Street, East Elmhurst, New York 11369 of this action.

18. Paragraph "6" of the Complaint alleges that Defendant Alam is a necessary party-defendant based on the fact that defendant was (a) present at the time of the execution of Note and Mortgage; (b) the borrower/obligor on the loan; and (c) the mortgagor under the Mortgage.

19. Paragraph "7" of the Complaint alleges that Defendant KOZNITZ I LLC ("Koznitz") is a Limited Liability Company organized under the Laws of the State of New Jersey. That Koznitz's principal place of business is 4403 15th Avenue, Suite 410, Brooklyn, New York 11219.

20. Paragraph "8" of the Complaint alleges that, upon information and belief, Koznitz is a single-member limited liability company.

21. Paragraph "9" of the Complaint alleges, that upon information and belief, Koznitz's single-member is an individual who is a citizen of the United States and who is domiciled in the State of New York and therefore, for diversity purposes is a citizen of New York.

22. Paragraph "10" of the Complaint alleges that Defendant Koznitz is a necessary party-defendant to this action because it is the record owner of the Subject Property by virtue of a deed recorded on July 26, 2013 in the Office of the City Register of the City of New York for the County of Queens under City Register File Number 2013000295373.

23. Paragraph "11" of the Complaint alleges that the United States of America (Internal Revenue Service) (hereinafter "IRS"), upon information and belief, is a citizen of the United States and a resident of the State of New York having an address of 135 High Street, Stop 155, Jamaica, New York and as such, for diversity purposes, is a citizen of New York. Paragraph "11" also alleges that based on information and belief, the IRS is also a resident of the State of Connecticut having an alternative address of P.O. Box 145595, Cincinnati, Ohio 45250 and as such, for diversity purposes, is also a citizen of Connecticut as well.

24. Paragraph "12" of the Complaint alleges that IRS is a necessary party defendant to this action because it holds tax liens, which are subordinate to Plaintiff's Mortgage, and which were filed in the Queens County Clerk's Office and are detailed as follows:

   a. U.S. # 628912510 for the amount of $52,495.11 against Mohammed Alam with an address of 25822 Hoover Ave., Jamaica, New York;

   b. U.S. #050035513 for the amount of $1,779.05 vs. Mohammed Alam with an address of 7316 Roosevelt Ave., 2nd Floor, Jackson Heights, New York 11372

   c. U.S. #718925010 for the amount of $48,977.28 vs. Mohammed S. Alam with an address of 506 Beverly Rd., Brooklyn, New York 11218;

   d. U.S. #628912510 for $52,491.11 vs. Mohammed Alam with an address of 25822 Hoover Ave., Jamaica, New York 11435;

   e. U.S. #540857909 for the amount of $11,801.38 vs. Mohammed S. Alam with an address of 31-44 97th St., Bsmt, East Elmhurst, New York 11369;

   f. U.S. #32791910623 for the amount of $861.49 vs. Mohammed Shah Alam, 2712 Hoyt Ave. S., Astoria, New York 11102.

25. Paragraph "13" of the Complaint alleges that the Department of Taxation and Finance has its principal place of business located at P.O. Box 5149, Albany, New York 12205 and for diversity purposes is a citizen of New York State.

26. Paragraph "14" of the Complaint alleges that Department of Taxation and Finance is a necessary party defendant in the instant action based on a lien resulting from a tax warrant filed on October 10, 2007 for $1,440.00, as well as other liens, which liens are subordinate to the Lien of the mortgage being foreclosed.

27. Paragraph "15" of the Complaint alleges that Citibank (South Dakota) N.A. ("Citibank"), is a National Association and pursuant to 28 U.S.C. 1348 a national association shall be deemed a citizen in the state where it is located. For purposes of 1348 a national bank is a citizen of the State in which its main office is located, based on its articles of association. Based on the foregoing, Citibank's main office is located at 701 East 60th Street, North Sioux Falls, South Dakota 57117 and, therefore, for diversity purposes Citibank is citizen of South Dakota.

28. Paragraph "16" of the Complaint alleges that Citibank is a necessary party defendant in the instant action based on the fact that is a judgment creditor by virtue of Queens County Court judgments docketed on January 22, 2009 for $80,445.00 and additional judgments docketed on September 8, 2010 in the amount of $5,102.52 and $23,791.62 and a judgment docketed on September 16, 2015 in the amount of $5,197.52, and that said judgments are subordinate to the lien of Plaintiff.

29. Paragraph "17" of the Complaint alleges that The City of New York Environmental Control Board ("ECB") was established under 1404 of the New York City Charter and operates as an administrative tribunal of the City of New York, and as such, for diversity purposes the ECB, with its principal place of business located at 1250 Broadway, 7th Floor, New York, New York 10001, is a citizen of New York State.

30. Paragraph "18" of the Complaint alleges that ECB is a necessary party-defendant to this action based on certain liens/judgments, which liens are subordinate to Plaintiff's Mortgage.

31. Paragraph "19" of the Complaint alleges that the City of New York Parking Violations Bureau ("PVB") is an administrative tribunal within the New York City Department of Finance and that for diversity purposes, the PVB with its principal place of business located at 100 Church Street, New York, New York 10007, is a citizen of New York State.

32. Paragraph "20" of the Complaint alleges that PVB is a necessary party-defendant to this action based on certain liens/judgments, which liens are subordinate to Plaintiff's Mortgage.

33. Paragraph "21" of the Complaint alleges that the New York City Transit Adjudication Bureau ("TAB") is an administrative tribunal with its principal place of business located at 29 Gallatin Place, 3rd Floor, Brooklyn, New York 11201, and for diversity purposes is a citzen of New York State.

34. Paragraph "22" of the Complaint alleges that TAB is a necessary party-defendant to this action based on certain liens/judgments, which liens are subordinate to Plaintiff's Mortgage

35. Paragraph "23" of the Complaint alleges that each of the above-named defendants has, or claimed to have, or may claim to have, some interest in or lien upon the Property, which interest or lien, if any, as accrued subsequent to, and is subject to, the mortgage lien.

36. Paragraph "24", "of the Complaint alleges that this Court has jurisdiction over this action because the parties are citizens of different states.

37. Paragraph "25" of the Complaint alleges that the amount in controversy exceeds $75,000.00.

38. Paragraph "26" of the Complaint alleges that jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

39. Paragraph "27" and "28" of the Complaint recites that venue in this Court is appropriate. The Property encumbered by the Mortgage is located in Queens County, New York. Thus, the substantial events of this controversy occurred within this Court's venue and any denial thereof does not present a bona fide question of fact necessitating a trial.

40. Paragraph "29" of the Complaint recites that on August 18, 2008, Defendant Alam executed and delivered a Fixed Rate Secondary Lien Balloon Note ("Note") to AmTrust Bank, in the amount of $177,000.00.

41. Paragraph "30" of the Complaint recites that, in order to secure repayment of the August 18, 2008 Note, Defendant Alam also executed a Mortgage in favor of Mortgage Electronic Registration Systems Ins., as Nominee for AmTrust Bank, which mortgage was recorded on September 4, 2008 in the Office of the City Register of the City of New York County of Queens in CRFN: 2008000351815 and that the applicable mortgage tax was paid.

42. Paragraph "31" of the Complaint alleges that Plaintiff is in physical possession and is the owner and holder of the Note and Mortgage. This is something I know to be true of my own knowledge from reviewing Plaintiff's business records kept in the ordinary course of Plaintiff's business.

43. Paragraph "32", "33", "34", "35", "36" and "37" of the Complaint recite the chain endorsements and allonges to the Note, which thereby transferred the Note and Mortgage to Plaintiff herein.

44. Plaintiff obtained physical possession of the Note and Mortgage prior to the date that this action was commenced.

45. Paragraph "38" of the Complaint recites that Defendant Alam failed to make the regular monthly payment that became due on September 1, 2010 and has failed to cure said default as of the date hereof. I know this information to be true of my own knowledge.

46. Paragraph "39" of the Complaint recites that on December 8, 2016, that 30-day notices to cure under the Mortgage and Note (the "Default Notice") were mailed to Defendant Alam advising Defendant that if he failed to cure the default, the Mortgage and Note might be

accelerated and the entire principal balance would become due and owing. This is something I know to be true of my own knowledge from reviewing Plaintiff's business records kept in the ordinary course of Plaintiff's business.

47. According to Plaintiff's business records, which includes the historical records of the prior Assignor's and Servicers of the Defendant's Loan, Courchevel's immediate predecessor-in-interest, Blue Lagoon LLC sent 30 day notices of default to Defendant. Copies of the 30-day default notices are attached to the Complaint as part of **Exhibit "E"**.

48. Paragraph "40" of the Complaint recites that notices pursuant to New York R.P.A.P.L. §1304 were not required to be sent in the instant action because Defendant Alam did not and does not reside at the Subject Property.

49. Paragraph "41" of the Complaint recites that pursuant to New York R.P.A.P.L. Section 1302 as amended, Plaintiff has complied with all the provisions of Section 595a and Section 6-1 of the Banking Law and RPAPL Section 1304, except where it is exempt from doing so.

50. Paragraph "42" of the Complaint recites that as of the date the Complaint was filed, Defendant Alam failed to respond to the Default Notice. This is something I know to be true of my own knowledge.

51. Paragraph "43" of the Complaint recites the amount that Defendant Alam is indebted to Plaintiff under the subject loan. While I know this information is subject to verification, such computations are nonetheless subject to a final accounting, and as such, do not raise issues of fact necessitating a trial.

52. Paragraph "44" of the Complaint alleges that Defendant is indebted to Plaintiff pursuant to the terms of the Note and Mortgage for attorney's fees and other costs and

disbursements, payable to Plaintiff under the terms of the Note, which will accrue until the amount due and payable under the Note is paid in full.

53. Paragraph "45" of the Complaint alleges that Defendant is indebted to Plaintiff pursuant to the terms of the Note and Mortgage for any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Note and Mortgage.

54. Paragraph "46" of the Complaint contains a standard list of allegations necessary in a foreclosure complaint which recites those items to which the title devolving through the foreclosure will be subject. This allegation is purely a matter of law.

55. Paragraph "47" of the Complaint recites that if Plaintiff possesses any other liens against the Property, these shall not be merged in the cause of action commenced by Plaintiff. This is a routine allegation in a foreclosure action and is solely a matter of law.

56. Paragraph "48" of the Complaint is another standard allegation unique to foreclosure complaints, reciting that Plaintiff shall not be deemed to have waived the election to accelerate in the event that, subsequent to the commencement of this action, it accepts any payment made towards the Mortgage obligation. This point is moot since no payments have been made or accepted subsequent to the commencement of this action.

57. Paragraph "49" of the Complaint states that no prior action or proceeding was commenced or maintained or is now pending at law for the recovery of the outstanding sums secured by the Note and Mortgage or any part thereof.

58. I have reviewed Defendant's Answer and have been advised by counsel that the affirmative defenses and counterclaims as contained therein are frivolous, lack merit, and should be stricken as a matter of law.

59. Based upon the foregoing, it is respectfully submitted that Plaintiff's case for Summary Judgment has been fully and completely set forth herein above, in the Attorney Affirmation in Support of Summary Judgment, and in the Memorandum of Law submitted herewith.

60. I respectfully submit this Affidavit knowing full well that the United States District Court, Eastern District of New York is relying upon the truth of the statements contained herein.

I hereby make oath or affirmation that the contents of this affidavit are true and correct to the best of my knowledge, information and belief.

_____
Jared Dotoli, Member of
Courchevel 1850 LLC

STATE OF FLORIDA        )
                        )  ss:
COUNTY OF Dade          )

On this 3 day of May, 2019 before me, the undersigned notary public, personally appeared Jared Dotoli [Name of Document Signer], personally known to the notary or proved to the notary through satisfactory evidence of identification, which was FL DL [Type of Identification], to be the person who signed the preceding or attached document in my presence, and who swore or affirmed to the notary that the contents of the document are truthful and accurate to the best of his or her knowledge and belief.

(Seal) _____

Alain Cueto
NOTARY PUBLIC
STATE OF FLORIDA
Comm# GG183001
Expires 2/5/2022

Official signature of notary _Alain Cueto_ Printed or typed name of notary

Scanned with CamScanner