UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK            Docket No.: 17-cv-00785-JBW-SMG
------------------------------------------------------------------------x
COURCHEVEL 1850 LLC,

                                                    Plaintiff(s),

        -against-


MOHAMMED ALAM; KOZNITZ I LLC; UNITED STATES OF AMERICA (INTERNAL REVENUE SERVICE); NY STATE DEPARTMENT OF TAXATION AND FINANCE; CITIBANK, N.A.; CITIBANK (SOUTH DAKOTA), N.A.; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; NEW YORK CITY TRANSIT ADJUDICATION BUREAU; NEW YORK CITY PARKING VIOLATIONS BUREAU;

                                                    Defendant(s).
------------------------------------------------------------------------x

**MEMORANDUM OF LAW BY PLAINTIFF IN OPPOSITION TO DEFENDANT KOZNITZ I LLC'S OBJECTION TO MAGISTRATE JUDGE GOLD'S REPORT AND RECOMMENDATION IN FAVOR OF PLAINTIFF**

THE MARGOLIN & WEINREB LAW GROUP, LLP
165 Eileen Way, Suite 101
Syosset, New York 11791
516-921-3838
Attorneys for Plaintiff COURCHEVEL 1850 LLC


**SERVED:** December 4, 2019

## ARGUMENT

### POINT I

### THE MAGISTRATE JUDGE'S HOLDING THAT PLAINTIFF HAS STANDING TO COMMENCE AND MAINTAIN THIS ACTION MUST BE ADOPTED

In its objection to the Magistrate's Report and Recommendation Defendant Koznitz I LLC ("Koznitz") which is not the borrower of the property being foreclosed, but merely the owner, again renews its argument that Plaintiff has failed to eliminate a question of material fact regarding it's standing in the instant foreclosure action based on the allegations that "all of the allonges were attached by one staple, clearly demonstrating that the attachment had been made to the last allonge. Therefore, it was clear that the allonges before the last one had not been firmly affixed to the note. Thus, the initial "assignment" from Bayview to RCS was ineffective. All subsequent "assignments" were also invalid." *See* ECF Docket No. 96-1 Pg. 2 of 10.  In the Report and Recommendation issued by Magistrate Steven M. Gold on October 30, 2019 (hereinafter the "R&R"), Magistrate Gold held that "while the inference Koznitz seeks to draw from counsel's examination of the Note and allonges it not implausible, it is insufficient to raise a material question of fact with respect to plaintiff's standing." *See* R&R Pg. 21, ECF Docket No. 95. Magistrate Gold is correct. Defendant Koznitz was given ample opportunity to conduct discovery before the instant R&R was issued and additional time after it's issuance and failed to do so. Defendant deposed no parties, all of whom are still in existence and in operation, including Bayview Loan Servicing, LLC, RCS Recovery Services, LLC and Blue Lagoon LLC.  Defendant's counsel has also failed to send any one subpoenas requesting business records regarding the transfer and sale of the Note, which might further corroborate his claims. Rather, Defendant's Counsel's slipshod allegations rely solely on his non-experience in reviewing documents as no

*curriculum vitae* is attached to Defendant's prior underlying motion exemplifying that he is a forensic expert whatsoever with regard to promissory notes. Rather, Defendant's Counsel haphazardly alleges that Magistrate Gold's reliance on Jared Dotoli's statements in its holding is incorrect. Specifically Counselor takes issue with the Dotoli statements averring that:

> "plaintiff had "possession of the note, with endorsements and allonges, as affixed thereto." However, Dotoli's statement "as affixed thereto" could very well have been referring to one staple by which the last allonge has been affixed to the note and to the allonges prior to that time." *See* Objections at ECF Docket No. 96-1, pg.3 and 4.

Yet, inexplicably, Defendant's Counsel has failed to depose even the Plaintiff regarding these statements.

Notwithstanding, Defendant provides no case law to support its position that, because the allonges were fastened with one staple, the allonge from Bayview Loan Services, LLC, to RCS Recovery Services, LLC was not "firmly attached to the note", and, therefore, the subsequent "assignments" were ineffective. *See* Objection at ECF Docket No. 96-1, pg. 2. Defendant relies heavily on *HSBC Bank USA v. Roumiantseva*, 130 A.D.3d 983, 15 N.Y.S.3d 117 (2nd Dept. 2015) in support of its proposition, but the facts in *Roumiantseva* are clearly distinguishable to the case *sub judice.* In *Roumiantseva* the allonge was affixed by a paperclip, which the Court held was insufficient. *Id.* at 120. Here, the allonges were affixed by a staple. Similarly, distinguishable is that the endorsement in *Roumiantseva* was made in blank. *Id*. at 119. In the instant case, the allonges are specifically endorsed to various entities. Defendant's sole allegation regarding standing pertaining to *how* the Allonges were affixed, *i.e.* with one staple, is insufficient to discount Plaintiff's ownership of the original Note, and therefore its standing.

Here, Plaintiff was the owner and held the original Note prior to the instant action commencement and remained in physical possession of the original Note when the Complaint was

filed in 2017. [Dotoli Affidavit at ¶¶ 5, 24-25; *see also* ECF Docet No. 1, pg. 7]. Furthermore, the Allonge executed specifically into Plaintiff is dated January 11, 2017, which date is prior to the February 13, 2017 commencement of the instant action. *See* ECF Docket No. 1.

An affidavit attesting to physical possession of the Note prior to the commencement of the action is sufficient to establish physical delivery and thus standing. *OneWest Bank N.A. v. Melina*, 14-CV-5290(JG)(VVP), 2015 WL 5098635, at *4 (E.D.N.Y. Aug. 31, 2015)(citing *Kondaur Capital Corp. v. McCary*, 981 N.Y.S.2d 547, 548 (2d Dep't 2014)). *See* Dotoli Affidavit and Complaint. Thus, Plaintiff was the holder of the Note and has standing. *See U.S. Bank Nat'l Ass'n v. Cange*, 96 A.D.3d 825, 826-27, 947 N.Y.S.2d 522, 524 (2d Dep't 2012) ("either a written assignment of the underlying note or physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation") (internal quotation marks and citations omitted); *Collymore*, 68 A.D.3d at 754, 890 N.Y.S.2d at 580 (same); *see also LaSalle Bank Nat'l Ass'n v. Ahearn*, 59 A.D.3d 911, 912, 875 N.Y.S.2d 595, 597 (3d Dep't 2009). Upon the physical delivery of the Note to Plaintiff, the Mortgage was transferred to Plaintiff as well, by operation of law. *See Deutsche Bank Nat'l Trust Co. v. Pietranico*, 33 Misc. 528, 545, 928 N.Y.S.2d 818, 830 (Sup. Ct. Suffolk Cnty. July 27, 2011) (a mortgage "passe[s] as an incident to the promissory note") *aff'd*, 102 A.D.3d 724, 957 N.Y.S.2d 868 (2d Dep't 2013); *see also* N.Y. U.C.C. 9-203(g); 9-308(e). Plaintiff has proven its standing and Defendant has provided no facts or legal support to establish its position to the contrary.

Here, Plaintiff has established, *prima facie*, that it had standing to prosecute this action by demonstrating that it was in physical possession of the Note, which was annexed to the Complaint with a complete chain of endorsements and Allonges affixed to the Note, at the time the action was commenced. *See Aurora Loan Servs., LLC v. Taylor*, 25 NY3d 355, 362, 12 N.Y.S.3d 612

(2nd Dept. 2015); *Deutsche Bank Natl. Trust Co. v. Leigh*, 137 AD3d 841, 842 (2nd Dept. 2016); *Emigrant Bank v. Larizza*, 129 AD3d 904, 905 (2nd Dept. 2015). The plaintiff has demonstrated, prima facie, its standing to commence the action since the note was attached as an exhibit to its complaint. *See Cenlar FSB v. Tenenbaum*, 172 A.D.3d 806, 806-07, 101 N.Y.S.3d 68, 69 (2nd Dept. 2019). Defendant has not demonstrated or articulated any basis to assert that Plaintiff lacked standing such that it creates a genuine issue of material fact. *See Rajamin v. Deutsche Bank Nat. Trust Co.*, 757 F.3d 79, 91 (2d Cir. 2014). Defendant's applications are a waste of this Court's judicial resources and have been plead solely to cause delay in the instant foreclosure action.

### POINT II

### MAGISTRATE GOLD'S HOLDING THAT DEFENDANT DID NOT HAVE STANDING TO RAISE QUESTIONS AS TO THE MAILING OF A NOTICE OF DEFAULT MUST BE ADOPTED

Defendant Koznitz alleges that Plaintiff has failed to meet its *prima facie* case as it failed to present sufficient evidence that it complied with a condition precedent, *to wit*, "mail[ing] a notice of default, as required by paragraph 22 of the subject mortgage." *See* ECF Docket No. 96, pg. 7. Koznitz alleges that where a mortgage requires a 30-day default notice it is a condition precedent to the commencement of a foreclosure action. (Koznitz Mem. at 7); *see also Wells Fargo Bank, N.A. v. Eiseler*, 988 N.Y.S.2d 682, 682 (2nd Dept. 2014); *GMAC Mortg., LLV v. Bell*, 11 N.Y.S.3d 73, 74 (2nd Dept. 2015). In this mortgage foreclosure action, Alam executed a note and mortgage with Plaintiff's predecessor in interest. Subsequently, on June 18, 2013, Alam deeded the property known as 3228 97th Street, East Elmhurst, New York 11369 to Koznitz for no consideration. Now, Koznitz is attempting to assert a defense which is only available to a borrower in a foreclosure action, not a mere owner by way of a deed.

Magistrate Gold properly held that Koznitz may not assert a breach of a notice requirement contained in an agreement which it was not a party to. *See* R&R pg. 24. Under New York Law, "the terms of a contract may be enforced only by contracting parties or intended third-party beneficiaries of the contract." *Rajamin v. Deutsche Bank Nat. Trust. Co.*, 757 F.3d 79, 86 (2d Cir. 2014); *see also Arrow Louver & Damper Div. of Arrow United Indus., v. N.Y.C. Transit Auth.*, 482 N.Y.S.2d 844, 846 (2nd Dept. 1984)("[A]s a stranger to the contracts, plaintiff lacks standing to sue for the enforcement of their provisions, or for a declaration as to their meaning."). As the Circuit noted in *Rajamin*, courts have repeatedly applied this rule to find that mortgagors may not raise alleged breaches of assignment agreements regarding their loans and mortgage when they were not parties to that agreement. Id. at 86-87 (*citing Cimmering v. Merrill Lynch Mortgage., Investors, Inc.*, 35 Misc. 3d 1242(A), 2012 N.Y. Slip Op 51123(U) (Sup. Ct. Queens Cty. 2011); *Reinagel v. Deutsche Bank National Trust Co.*, 735 F.3d 220, 228 (5th Cir. 2013). This rule applies to defendants asserting contractual breach as a defense, as well as to plaintiffs bringing a claim. *See Bank of New York Mellon v. Gales*, 982 N.Y.S.2d 911, 912 (2nd Dept. 2014) (affirming the lower court's denial of the defendant mortgagors' motion to dismiss the foreclosure complaint because the defendants "did not have standing to assert noncompliance with the subject lender's pooling and servicing agreement" because they were not parties to the agreement). Koznitz has not offered any reasons why this case is different. Koznitz is not permitted to defeat Plaintiff's claim by relying on a provision of a contract to which it is not a party and, therefore, a defense which is not available to it.  Based on the foregoing, the Magistrate's Report and Recommendation must be adopted.

## **CONCLUSION**

For the foregoing reasons, the Court should adopt Magistrate Judge Gold's Report and Recommendation (Doc. 96) and uphold Plaintiff's Motion for Summary Judgment and the denial of Defendant's Motion for Summary Judgment and Dismissal.

Dated: December 4, 2019

                                                               Respectfully submitted,

                                                               */s/ Alan Smikun*
                                                               Alan Smikun