UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
COURCHEVEL 1850 LLC,

                Plaintiff,

  - against -

MOHAMMED ALAM; KOZNITZ I LLC; UNITED STATES OF AMERICA (INTERNAL REVENUE SERVICE); NY STATE DEPARTMENT OF TAXATION AND FINANCE; CITIBANK, N.A.;  CITIBANK (SOUTH DAKOTA), NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; NEW YORK CITY TRANSIT ADJUDICATION BUREAU; NEW YORK CITY PARKING VIOLATIONS BUREAU,

                Defendants.
----------------------------------------------------------------X

**MEMORANDUM AND ORDER**
17-CV-785 (RRM) (SMG)

ROSLYNN R. MAUSKOPF, Chief United States District Judge.

In this foreclosure action, Defendant Koznitz I LLC ("Koznitz") is the current fee owner and occupant of the property, having purchased it from the original owner and mortgagor defendant Mohammed Alam (Def.'s Rule 56.1 Statement (Doc. No. 46) ¶ 1–2.)  Koznitz objects to two recommendations from Magistrate Judge Gold's October 30, 2019, report and recommendation ("R&R"), which, among other things, recommended that the Court grant plaintiff Courchevel 1850 LLC ("Courchevel") summary judgment.  For the reasons stated below, the Court denies the objections to the Report and Recommendation ("R&R"), grants Plaintiff summary judgment, and adopts the R&R in all respects.

    **I.**    **Background**

On August 18, 2008, Mohammed Alam executed a note to AmTrust Bank, along with a mortgage to Mortgage Electronic Registration Systems, Inc. as Nominee for AmTrust Bank, to purchase the property at 3228 97th Street, East Elmhurst, New York 11369 ("the Property"). (Compl. (Doc. No. 1) at ¶¶ 29–30; Answer (Doc. No. 30) at ¶ 3.)  Defendant Koznitz became

owner of record of this property by virtue of a Deed from Alam recorded on July 26, 2013. (Compl. at ¶ 10; Answer at ¶ 3.) Plaintiff alleges that the ownership of the note passed to it through a series of specific indorsements, first from AmTrust Bank to the Federal Home Loan Bank of Cincinnati, then to the Federal Deposit Insurance Corporation as Receiver for AmTrust Bank of Cleveland, Ohio, then to Bayview Loan Servicing, LLC, then by allonge to RCS Recovery Services, LLC, then by allonge to Blue Lagoon LLC, then by allonge to Plaintiff, Courchevel 1850 LLC. (Compl. at ¶32–7.) Plaintiff alleges that Alam is solely indebted to it on the loan, while Koznitz claims that it is a "successor-in-interest" to Alam. (Compl. at ¶ 43; Def.'s Rule 56.1 Statement at ¶ 2.)

Plaintiff Courchevel 1850 LLC brought this action on February 13, 2017 pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") § 1301 *et seq.*, to foreclose the mortgage encumbering the Property, against Alam, Koznitz and seven alleged lienholders. (Compl.) Along with its complaint, Courchevel has submitted and Koznitz has personally inspected a note with allonges showing a series of indorsements beginning with the note's original owner and ending with Courchevel. (*See* Declaration in Supp. of Def.'s Cross-Mot. to Dismiss & for Summ. J. & in Opp. to Pl.'s Mot. for Summ. J. ("Decl. in Supp. of Def.'s Cross-Mot") (Doc. No. 47) ¶¶ 3–4); (Notes & Allonges (Doc. No. 1-2) at 5–8.)[1] The first two specific indorsements, (1) from AmTrust Bank to the Federal Home Loan Bank of Cincinnati, then (2) to the Federal Deposit Insurance Corporation as Receiver for AmTrust Bank of Cleveland, Ohio, appear beneath Alam's signature on page 3 of the Note. (Notes & Allonges at 4.) The third indorsement, (3) to Bayview Loan Servicing, LLC, appears to be on the back of the note. (*Id*. at 5.) The last three indorsements, (4) to RCS Recovery Services, LLC, then (5) to Blue Lagoon

---

[1] All page numbers refer to ECF pagination.

2

LLC, then (6) to Plaintiff, Courchevel 1850 LLC, were by allonges, all three of which specifically reference the note. (*Id*. at 5–8.) The allonges were fastened to the note with one staple on the upper left side, and, apart from the staple, there were no visible staple holes or tears on the documents. (*See* Decl. in Supp. of Def.'s Cross-Mot.) ¶¶ 6–7.) Courchevel has shown by an affidavit from its owner, Jared Dotoli, that, at the time the suit was filed, Courchevel had "possession of the original Note, with endorsements and allonges, as affixed thereto." (Aff. of Note Possession (Doc. No. 1-4) ¶ 7.) Courchevel also attached to its complaint a mortgage which, in pertinent part, describes the lender's obligation to provide the mortgagor, Alam, a notice in case of any default, with 30 days to cure. (Mortgage (Doc. No. 1-3) at 18–19.) In its answer, Koznitz raised (among other affirmative defenses) the defenses that the indorsements presented by Courchevel failed to establish Courchevel's standing, and that Courchevel could not prove that it had mailed the notice of default required by the terms of the mortgage. (*See* Answer at 1–2.)

Plaintiff moved for summary judgment against defendant Koznitz on June 18, 2018, (Mot. for Summ. J. (Doc. No.38)), and Koznitz cross-moved on August 10, 2018, to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, lack of standing to foreclose, and for lack of a contractually-required default letter to the original mortgage. (Mot. to Dismiss (Doc. No. 45).) Koznitz moved in the alternative for summary judgment on these issues. (*Id*.)

As to the issue of jurisdiction, Koznitz argued that because defendants included the United States and the state of New York, and because there was no evidence that defendant Citibank was a citizen of South Dakota, Courchevel had not carried its burden of proving diversity jurisdiction. (Mem. in Supp. of Mot. to Dismiss and for Summ. J. (Doc. No. 48) at 2–

3.)[2] As to standing, Koznitz opposed summary judgment on the ground that Courchevel had not carried its burden of proving standing. (*Id*. at 4.) Koznitz argued that NYUCC § 3-202(2) requires that a transfer effected by delivery with indorsements must occur with all allonges "firmly affixed" at the moment of delivery. (*Id*. at 5.) Otherwise, Koznitz argued, the transferor or transferors would have failed the firm affixation requirement, meaning that they would have lacked capacity to assign the note. (*See id.*) Since it was clear that the allonges had been stapled together only once, after execution of the final indorsement to plaintiff, then prior transferors must have failed the "firm affixation" requirement and therefore must have lacked capacity to assign the note. (*Id*.) As to the default notice, Koznitz opposed summary judgment on the ground that Koznitz had not carried its burden of proving mailing of the default notice. (*Id*. at 7.) Koznitz argued that the mailing was a condition precedent to foreclosure, but that the proofs offered by Courchevel failed to establish the fact of mailing, and failed to establish that the mailing complied with the terms of the mortgage, that such a mailing be sent with thirty days to cure the default described. (*Id*. at 7–9.)

On November 6, 2018, Courchevel moved for the appointment of a receiver to collect rents due from the Property during the pendency of this action pursuant to Rules 64 and 66 of the Federal Rules of Civil Procedure. (Mot. to Appoint Receiver (Doc. No. 58).) Following a hearing regarding whether the plaintiff had manufactured diversity jurisdiction, on May 28, 2019, Koznitz moved once more to dismiss the action pursuant to Rule 12(b)(1), (Mot. to Dismiss (Doc. No. 83)), and separately moved for sanctions pursuant to Federal Rule of Civil Procedure 11. (Mot. for Sanctions (Doc. No. 84).)

On October 30, 2019, Magistrate Judge Steven M. Gold issued an R&R, pursuant to

---

[2] As Koznitz has not objected to Magistrate Judge Gold's findings as to diversity jurisdiction, the Court will not further analyze this issue.

Judge Weinstein's referral order dated March 23, 2017, recommending that plaintiff's motion for summary judgment be granted in its entirety; that Koznitz's cross-motion to dismiss and for summary judgment, second motion to dismiss, and motion for sanctions be denied; and that plaintiff's motion to appoint a receiver be denied. (R&R (Doc. No. 95).) Magistrate Judge Gold further recommended that the Department of Taxation and the IRS be dismissed from this action, and that Koznitz be permitted to take additional discovery on the issue of subject matter jurisdiction, provided it is not duplicative of discovery it has already conducted. (*Id.*)

As to the issue of standing, Judge Gold found that plaintiff had carried its burden of proving standing to foreclose. (*Id.* at 23.) Judge Gold found that mere possession of the note was insufficient to confer standing, because NYUCC 3-202(2) also required that specific indorsements, as the indorsements in this case, be firmly affixed to the note. (*Id.* at 20.) Judge Gold found "not implausible" Koznitz's argument that the prior allonges were unaffixed at the time of delivery. (*Id.* at 21.) However, Judge Gold also found that it was clear from the record that the allonges were firmly affixed at the time of the commencement of foreclosure. (*Id.*)

Judge Gold also pointed out that the allonges specifically referred to the note. (*Id.* at 22.) He reasoned that 3-202(2) should be read in light of NYUCC § 1-103(a)(1)'s policy of simplifying and clarifying "the law governing commercial transactions." (*Id.* at 22.) Read thus, it is clear 3-202(2) was meant only to ensure that allonges relate to the note. (*Id.*) Since the allonges specifically referenced the note, the allonges were "firmly affixed" under 3-202(2), and summary judgment for plaintiff was appropriate. (*Id.*)

As to the issue of the default notice, Judge Gold agreed with Courchevel that Koznitz, not being a party to the Mortgage, lacked standing to assert noncompliance with its terms. (*Id.* at 23.) Judge Gold reasoned that, unlike the assignee of a contract, the purchaser of a property does

5

not become liable to pay the debt on the house it purchases. (*Id*. at 24.) Therefore, Koznitz could not raise the defense of failure to mail the default notice. (*Id*.)

Koznitz now objects to Magistrate Judge Gold's R&R granting plaintiff's motion for summary judgment on two grounds. (Objs. to R&R (Doc. No. 96).) First, Koznitz renews its argument that Courchevel must be denied summary judgment because there is a genuine dispute of material fact as to whether Courchevel has standing to foreclose. Koznitz argues that Courchevel cannot prove that the Note was assigned to it and that Courchevel therefore lacks standing to sue. (Answer at 1.) Courchevel contends that it was the holder of the Note and therefore has standing. (Pl.'s Rule 56.1 Statement (Doc. No. 40) ¶ 8.)

In its objections to Magistrate Judge Gold's R&R, Koznitz reasserts its theory that the chain of assignments resulting in Courchevel's possession of the note failed to confer standing, because there was only one staple through all of the allonges without signs of tearing or re-stapling. (*See* Def.'s Objs. at 2.). From this fact, Koznitz argues that it can be inferred that the prior allonges went unaffixed during some period of time ending when all of the allonges were stapled together to the note. (*See id.* at 2–3.) Therefore, during the period of time prior to the final stapling, the allonges failed the UCC's requirement that an indorsement by allonge be "firmly affixed to the note," even though the allonge was affixed as of the day of the commencement of the foreclosure action. (*Id.*) Failing this requirement, the prior possessors were not holders of a properly indorsed note as defined by the UCC, and therefore they lacked power to validly assign the note and confer standing to Courchevel. (*See id.*)

Second, Koznitz reasserts its theory that there is a genuine dispute of material fact as to whether a notice was mailed to the original mortgagor, as was required under the original mortgage contract. Contrary to Judge Gold's finding that Koznitz does not have standing to

6

assert defenses of the original mortgagor, Koznitz asserts that it "stands in the shoes" of the seller, Alam.  (*Id*. at 6.)  Koznitz reiterates its arguments that Courchevel did not establish the fact of mailing, because it furnished by way of proof only an affidavit sworn by plaintiff and plaintiff's counsel that the "30-day notice was issued," rather than mailed.  (*Id*. at 8.)  Koznitz argues that the UPS confirmation letter submitted by Courchevel is insufficient under New York law, which requires a first-class mailing, and that Courchevel cannot prove that any mailing went to the correct address.  (*Id*.)

## II. Standard of Review

The Court reviews Koznitz's two objections to the magistrate judge's recommendation *de novo*.  *United States ex rel. Coyne v. Amgen, Inc.*, 243 F. Supp. 3d 295, 297 (E.D.N.Y. 2017), *aff'd sub nom. Coyne v. Amgen, Inc.*, 717 F. App'x 26 (2d Cir. 2017).  Summary judgment is appropriate when the pleadings, depositions, interrogatories, admissions, and affidavits demonstrate that there are no genuine issues of material fact in dispute and that one party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  As to Koznitz's cross-motion to dismiss, motion for summary judgment, second motion to dismiss, and motion for sanctions, Courchevel's motion to appoint a receiver, and dismissal of the Department of Taxation and the IRS, pursuant to 28 U.S.C. § 636(b) and Rule 72, this Court reviews the R&R for clear error.  *See Pall Corp. v. Entegris, Inc.,* 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

## DISCUSSION

### A. Standing

Under New York Law, "a plaintiff has standing in a mortgage foreclosure action when it is the holder or assignee of the underlying note." *Deutsche Bank Nat'l Tr. Co. v. Benson*, 116

7

N.Y.S.3d 685, 686–87 (N.Y. App. Div. 2020) (citations omitted). A holder under the New York UCC is simply "the person in possession of a negotiable instrument[3] that is payable either by indorsement to bearer or indorsement to an identified person that is the person in possession." N.Y.U.C.C. Law ("NYUCC") § 1-201(b)(21). The transfer of a negotiable instrument with all necessary indorsements negotiates the instrument, thereby creating a new holder. *See* NYUCC § 3-202. If indorsement is by allonge, the allonge must take the form of "a paper so firmly affixed [to the note] as to become a part thereof." NYUCC § 3-202(2). *See Nationstar Mortgage LLC v. Corrao*, 114 N.Y.S.3d 189 (N.Y. Sup. Ct. 2019) (stapling satisfies firm affixation requirement); *HSBC Bank USA, Nat. Ass'n v. Roumiantseva*, 15 N.Y.S.3d 117, 120 (N.Y. App. Div. 2015) (attachment by paperclip fails the firm affixation requirement.) A party that fulfills the UCC's definition of holder has standing *ipso facto* and is not required to prove extra-statutory elements about the delivery or indorsement of the note. *See JPMorgan Chase Bank, Nat. Ass'n v. Weinberger*, 37 N.Y.S.3d 286, 288–89 (N.Y. App. Div. 2016) (declining to require a holder to prove the fact of delivery once it had proven possession with a valid indorsement); *U.S. Bank NA as Tr. of Holders of the J.P. Morgan Mortg. Tr. 2007-S3 Mortg. Pass-Through Certificates v. Cannella*, 99 N.Y.S.3d 579, 587 (N.Y. Sup. Ct. 2019) (declining to read into § 3-202 a requirement that an allonge must be "permanently attached" to a note).[4] In interpreting the "firm affixation" requirement, as with all aspects of the NYUCC, the interpreting court must bear in mind the UCC's policy, "to simplify, clarify, and modernize the law governing commercial transactions." NYUCC § 1-103(a)(1).

The Court agrees with Magistrate Judge Gold that Courchevel has established its

---

[3] A note qualifies as a negotiable instrument. NYUCC § 3-104.
[4] Nor are these cases distinguishable because the notes in question were payable to bearer, i.e. indorsed in blank. The only extra requirement beyond possession for one receiving a note with a special indorsement is that the special indorsement be made to the specific party in possession. *See* NYUCC § 1-201(b)(21).

8

entitlement to summary judgment on the issue of standing to foreclose. Here, Courchevel is claiming standing through its status as holder. Courchevel has shown that it is a holder. The elements of the definition of a holder by special indorsement under NYUCC 1-201(b)(21) are (1) possession; (2) of a note with indorsements in the name of the person in possession. As Koznitz has argued, and as Magistrate Judge Gold points out, the NYUCC effectively adds the third element that indorsements by allonge must be (3) firmly affixed to the note. Courchevel has shown (1) possession of a note with (2) special indorsements in its name. The allonges (3) are in compliance with NYUCC § 3-202(2), because the indorsements, as Koznitz admits, are stapled to the note and therefore firmly affixed. As Magistrate Judge Gold explained in his report and recommendation, 3-202(2) must be read in light of the NYUCC's goal of fostering simplicity and clarity in commercial transactions. It would defeat those policies entirely to find that Koznitz had raised a dispute of fact where, as here, there is plain, facial proof that all of the allonges in question relate to the note in question, and where the plaintiff complied with the letter of 3-202(2) by possessing a note with allonges firmly affixed. Courchevel has submitted an affidavit attesting to possession and firm affixation, along with a copy of the note, and Koznitz has personally inspected this evidence. None of this evidence is disputed. There is no dispute, then, that Courchevel is the holder.

It is also immaterial to its holder status whether there exists some evidence that the plaintiff originally took possession of a note with loose allonges and then stapled them to the note after the fact. There would be no legal defect if it had done so, since the UCC permits indorsement after transfer. *See* NYUCC § 3-201(3).

Since there is no dispute about Courchevel's status as a holder, Courchevel has proven its entitlement to summary judgment on the issue of standing.

B. **The Default Letter**

A party lacks standing to assert noncompliance with the terms of a mortgage to which it was not a party. *See Rajamin v. Deutsche Bank Nat'l Tr. Co.*, 757 F.3d 79, 84 (2d Cir. 2014) (holding that the plaintiffs who were neither parties nor third-party beneficiaries of a pooling service agreement could not assert noncompliance with the agreement as a claim or defense); *Nash v. Duroseau*, 39 A.D.3d 719, 720 (2d Dep't. 2007) ("As third parties who were not parties to the mortgages which are the subject of this mortgage foreclosure action, [the defendants] lack standing to raise the defense of lack of consideration on the ground that that defense is personal to the original mortgagor."); *accord Cty. of Tioga on Behalf of Tioga Cty. Solid Waste Dist. v. Solid Waste Indus. Inc.*, 178 A.D.2d 873, 874 (3d Dep't. 1991). The status of a purchaser of real property is therefore unlike that of the assignee of a contract where "the assignee steps into the assignor's shoes and acquires whatever rights the latter had." *In re Stralem*, 303 A.D.2d 120, 123 (N.Y. App. Div. 2003) (internal citation omitted). "When a person purchases property subject to a lien[,] he or she does not become personally liable to pay the debt underlying the lien. The property is, however, burdened by the lien and its equity value to an owner is reduced by the value of the lien." *Ozzi v. I.R.S.*, 1992 WL 37080, at *2 (E.D.N.Y. Feb. 11, 1992).

The Court agrees with Magistrate Judge Gold that Courchevel is entitled to summary judgment on the issue of the mailing of a contractually-required default letter Koznitz claims was owed to the original mortgagor. The complaint alleges that Alam is the sole party liable on the note. Koznitz, then, was not and is not a party to the debt contract for which the mortgage was security, nor has Koznitz pleaded (let alone raised evidence) that it is an assignee of that contract. Koznitz, in sum, has not raised any evidence from which a factfinder could infer that it is owed any duties under the contract. All of the cases Koznitz has cited in its objections involved an

actual assignment. No such assignment is in evidence here. The idea that Koznitz, simply by its purchase of the property, "stands in the shoes" of the original mortgagor and may assert the mortgagor's contractual defenses has no basis in law. Therefore, Koznitz has raised no dispute of material fact, and Courchevel is entitled to summary judgment on this issue.

### C.     Clear Error

The Court has also reviewed that portion of the R&R as to which no objections were raised and finds no clear error. The Court therefore adopts those portions of the R&R which recommended denial of Koznitz's cross-motion to dismiss and motion for summary judgment, denial of Koznitz's second motion to dismiss and motion for sanctions, denial of Courchevel's motion to appoint a receiver, and dismissal of the Department of Taxation and the IRS

## CONCLUSION

Having reviewed Koznitz's objections *de novo*, and having reviewed the other findings of the magistrate judge for clear error, the Court adopts Magistrate Judge Gold's R&R in full for the reasons stated above. Accordingly, the Court grants Courchevel's motion for summary judgment, and denies Koznitz's cross-motion to dismiss, motion for summary judgment, second motion to dismiss, motion for sanctions, and Courchevel's motion to appoint a receiver. The Court also dismisses the Department of Taxation and the IRS. This action is re-committed to the assigned magistrate judge for all remaining pretrial proceedings, including settlement discussions as appropriate.

SO ORDERED.

Dated: Brooklyn, New York
       May 28, 2020

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
Chief United States District Judge

11