UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
COURCHEVEL 1850 LLC,

                         Plaintiff,

  -against-

MOHAMMED ALAM, *et al.*,

                         Defendants.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
17-CV-785 (RRM) (ST)

ROSLYNN R, MAUSKOPF, United States District Judge.

      In an order dated June 1, 2020, (Doc. No. 106), the Court adopted Magistrate Judge Gold's recommendations that plaintiff's motion for summary judgment be granted in its entirety; that defendant Koznitz I LLC's cross-motion to dismiss and for summary judgment, second motion to dismiss, and motion for sanctions be denied; that plaintiff's motion to appoint a receiver be denied; that defendants New York State Department of Taxation and Finance and the United States of America (Internal Revenue Service) be dismissed from this action; and that Koznitz I LLC be permitted to take additional discovery on the issue of subject-matter jurisdiction, provided it was not duplicative of discovery it had already conducted.  On June 11, 2020, plaintiff filed a proposed judgment of foreclosure and sale, (Doc. 108), along with an Affidavit of Statement of Damages executed by plaintiff's vice president, Brandon K. Ramos (the "Ramos Affidavit") (Doc. 108-2).  Plaintiff has now filed a Motion to Amend (Doc. No. 118), which includes a revised version of the Ramos Affidavit (the "Revised Ramos Affidavit") (Doc. 118-2), and which seeks to amend the proposed judgment of foreclosure and sale in minor respects.

Having reviewed the Revised Ramos Affidavit and plaintiff's amended proposed judgment of foreclosure and sale, the Court denies the Motion to Amend with leave to renew. First, both the original proposed judgment of foreclosure and sale and amended proposed judgment of foreclosure and sale contain numerous typos and passages which are incomprehensible. For example, last full sentence on page 3 of both proposed judgments reads as follows:

> If Plaintiff or a governmental agency thereof is the purchaser of said mortgaged premises at said sale, or if the rights of the purchaser at said sale and the terms of sale under this judgment shall be assigned to and be acquired by Plaintiff or any such governmental agency, and a valid assignment thereof be filed with the Referee or his duly appointed designee shall not require Plaintiff or such governmental agency to pay in cash the amount bid at such sale, but shall execute and deliver to Plaintiff or such governmental agency a deed of the premises sold.

Page 4 of both proposed judgments refers to someone named "Hoyer" and uses the word, "nay." And both proposed judgments repeatedly use male pronouns in referring to the proposed referee, Susan Ellen Rizos.

Second, both the Ramos affidavits raise a statute of limitations issue that has not been litigated. The original complaint alleged that Alam owed $176,494.51 in principal, plus interest (which the Note sets at 10.5% per annum). (Complaint (Doc. No. 1), Exs. B, E.) However, both the Ramos Affidavit and Revised Ramos Affidavit contain a footnote which states, in pertinent part:

> Plaintiff must forego some principal and interest due on the Note in the amount of $9,714.00. Alam defaulted on September 1, 2010 (from September 1, 2010 through February 3, 2011, approximately 6 monthly payments are waived totaling $9,714.00 comprised of $1,619.09 in monthly payments as called for in the Note multiplied by 6 months and then subtracted from the actual outstanding principal of $176,494.51 which is equal to $166,780.51). See CPLR §213(4) which provides that an action to foreclose a mortgage is subject to a six-year statute of limitations.

2

Ramos Aff. at 2, n.1; Revised Ramos Aff. at 2, n.1.  In addition, there is some confusion as to how the interest has been calculated.  The Ramos Affidavit stated, among other things, that "the daily rate of interest at 10.50% on a principal balance of $166,780.51 using a 365-day year is $47.98." (Ramos Aff. at ¶9.)  The Revised Ramos Affidavit states, among other things, that "the daily rate of interest at 10 .50% on a principal balance of $186,780.51 using a 365-day year is $47.98." (Revised Ramos Aff. at ¶ 9.)

In light of the foregoing, it is ORDERED:

1. Plaintiff's Motion to Amend the proposed judgment (Doc. No. 118) is denied with leave to renew.
2. This matter is respectfully referred to Magistrate Judge Tiscione to conduct a damages inquest to determine the amount of principal and interest owed to plaintiff under the Note and to assist plaintiff in drafting a proposed judgment.

SO ORDERED.

Dated: Brooklyn, New York
       September 30, 2022

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge