**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
COURCHEVEL 1850 LLC,

                             Plaintiff,         **REPORT AND RECOMMENDATION**

   -against-                          **17-CV-00785 (OEM) (ST)**

MOHAMMED ALAM, *et al.*,

                             Defendants.
-------------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

       Plaintiff Courchevel 1850 LLC brought an action against Defendant Mohammed Alam and the other named defendants pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") §1301 et seq., to foreclose a residential mortgage in which Alam was the mortgager. The District Court granted Plaintiff's Motion for Summary Judgment in its entirety and Plaintiff subsequently filed the instant Letter Motion to Renew Proposed Judgment and Calculate Damages ("Motion"), plus supplemental documentation.

       The Honorable Roslynn R. Mauskopf referred Plaintiff's Motion to the undersigned to conduct a damages inquest hearing and issue a Report and Recommendation.

       For the below stated reasons, this Court respectfully recommends that Plaintiff be awarded $402,140.77 in damages, including a principal amount of $174,598.87 and $227,541.90 in interest.

**I.     BACKGROUND**

       Plaintiff, Courchevel, filed the instant action pursuant to RPAPL §1301 et seq., to foreclose a second residential mortgage encumbering the property commonly known as 3228 97th Street, East Elmhurst, New York 11369 also known as Block: 1426; Lot: 20 on the Queens County Tax

1

Map ("the Property"). *See* Compl. ¶ 1, ECF 1.[1] A breakdown of the relevant parties and facts is as follows:

### A. Relevant Parties[2]

Plaintiff Courchevel 1850 LLC ("Plaintiff" or "Courchevel") is a single-member limited liability company organized under Delaware law with its principal place of business located in Florida. Compl. ¶¶ 2-3, ECF 1. Courchevel's single-member is an individual who is a citizen of the United States and who is domiciled in the State of Florida. *Id.* at ¶ 4.

Defendant Mohammed Alam ("Alam") is a citizen of the United States and a resident of the State of New York. *Id.* at ¶ 5. Plaintiff's Complaint further alleges that: "Alam is necessary party-defendant to this action because he (i) was present at the time of the execution of the Note and Mortgage [at issue] . . . ; (ii) is the borrower of the loan; (iii) is the mortgagor under the Mortgage." *Id.* at ¶ 6.

### B. Relevant Facts[3]

On August 18, 2008, Alam executed a Fixed Rate Secondary Lien Balloon Note ("Note") to AmTrust Bank, in which it loaned to Alam and Alam agreed to repay, the sum of $177,000.00

---

[1] Note, as discussed *infra*, the Title Search documents provided by Plaintiff also refer to the Property as: "Lot No. 586 in Block No. 16 on a certain map entitled, 'Map of 1115 Lots belonging to William Ziegler, situate at Corona, Queens County, Surveyed August 1890, by G.A. Roullier, C.E. Flushing, New York.' " *See, e.g.*, ECF 125-3 [Schedule A] at pdf page 3. However, upon full review of the Plaintiff's Title Search documents, it is clear that the *official* Block and Lot designation for the Property on the New York City Department of Finance Tax Map is Block 1426, Lot 20. *See, e.g., id.* at pdf pages 19-20.

[2] For purposes of this Motion, this Court assumes familiarity with the rest of the Defendants named in the Complaint and, therefore, has only listed Plaintiff Courchevel and Defendant Alam above. Other named Defendants are listed in Compl. ¶¶ 7-8 (Defendant Koznitz I LLC); ¶ 15 (Defendant Citibank (South Dakota), NA); ¶ 17 (Defendant City of New York Environmental Control Board); ¶ 19 (Defendant City of New York Parking Violations Bureau); and ¶ 21 (Defendant New York City Transit Adjudication Bureau). Moreover, on October 30, 2019, Magistrate Judge Steven M. Gold recommended that Defendant United States of America (Internal Revenue Service) ("USA IRS") and Defendant New York State Department of Taxation and Finance ("NYS Tax and Finance") be dismissed from this action. *See* ECF 95, which was adopted on June 1, 2020 by Chief Judge Roslynn R. Mauskopf. *See* ECF 106. Therefore, the USA IRS and NYS Tax and Finance entities are not listed in the preceding list of current Defendants.

[3] This Court assumes familiarity with the rest of the facts and therefore only discusses facts relevant to the instant Motion.

plus interest. *Id.* at ¶ 29. "To secure the repayment of the Note, Alam executed a Mortgage to Mortgage Electronic Registration Systems, Inc. as Nominee for AmTrust Bank, which Mortgage was recorded on September 4, 2008 in the Office of the City Register of the City of New York County of Queens in CRFN: 2008000351815. The applicable mortgage tax was paid." *Id.* at ¶ 30. Importantly, "Plaintiff is in physical possession and is the owner and holder of the Note and Mortgage." *Id.* at ¶ 31. After various subsequent endorsements, *see* ¶¶ 32-36, the Note was endorsed by an Allonge to Plaintiff herein. *Id.* at ¶ 37.

Plaintiff's Complaint alleges that "Alam has failed to comply with the terms and provisions of the Mortgage by failing to pay the installment balance due on the first day of September 1, 2010 and the default continues to date." *Id.* at ¶ 38. Moreover, Plaintiff alleges it "complied with the contractual provisions contained in the Mortgage in that a 30-day notice to cure was mailed on December 8, 2016 (the "Default Notice") advising Alam that Plaintiff has the option to accelerate the loan and that because of the continuing default under the Note and Mortgage, Plaintiff declared that the outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable." *Id.* at ¶ 39.

Based upon the above, Plaintiff alleges that Alam is "indebted to Plaintiff pursuant to the terms of the Note and Mortgage for the unpaid principal amount due under the Note, and all accrued and unpaid interest and late charges." *Id.* at ¶ 43. Plaintiff has requested various conditions if this action proceeds to judgment of foreclosure and sale. *Id.* at ¶ 46.[4]

---

[4] Given that this Court recommends granting Plaintiff's Motion, this Court's recommended conditions for the foreclosure and sale are specified in the attached Judgment to this Report and Recommendation, which modify Plaintiff's requested conditions and Proposed Judgment as the Court deems appropriate.

## C. Relevant Procedural History

On February 13, 2017, Plaintiff Courchevel filed its Complaint. *See* ECF 1. Defendants filed their Answer on February 1, 2018 after the Court vacated its previous Entry of Default. *See* ECF 29-30.

After discovery between the parties, on October 30, 2019, the Honorable Steven M. Gold issued a Report and Recommendation granting Plaintiff's Motion for Summary Judgment in its entirety and denying Defendant Koznitz's cross-motion to dismiss and for summary judgment, second motion to dismiss, and motion for sanctions. *See* ECF 95.[5] On June 1, 2020, the Honorable Roslynn R. Mauskopf adopted Judge Gold's Report and Recommendation in full. *See* ECF 106.

Following the above, on or about June 11, 2020, Plaintiff submitted a Proposed Judgment of Foreclosure and Sale Order, along with an Affidavit of Statement of Damages executed by Plaintiff's Vice President, Brandon K. Ramos (the "Ramos Affidavit"). *See* ECF 108; 108-2. On June 22, 2020 and subsequently on November 16, 2020, Plaintiff requested execution of the proposed Judgment of Foreclosure and Sale. *See* ECF 111-12.

On January 8, 2021, after the case was reassigned to Chief Magistrate Judge Cheryl L. Pollak, Plaintiff renewed its application for execution of the Judgment of Foreclosure and Sale Order. *See* ECF 113. On February 3, 2021, this matter was reassigned to this Court. *See* ECF entry dated February 3, 2021. Finally, on May 14, 2021, Plaintiff renewed its application for execution of the Judgment of Foreclosure and Sale Order again. *See* ECF 115.

---

[5] Additionally, although it does not impact the instant Motion, Judge Gold's Report and Recommendation also recommended that Plaintiff's Motion to Appoint a Receiver be denied, that the Department of Taxation and the IRS be dismissed from this action, and that Koznitz be permitted to take additional discovery on the issue of subject matter jurisdiction, provided it is not duplicative of discovery it has already conducted. *See* ECF 95.

On September 27, 2021, the Honorable Roslynn R. Mauskopf directed Plaintiff to file an amended proposed judgment with a requested alteration regarding the location of the sale. *See* ECF entry dated September 27, 2021.

On December 2, 2021, Plaintiff filed a Motion to Amend, which included a revised version of the Ramos Affidavit, seeking to amend the proposed judgment foreclosure and location of sale. *See* ECF 118; 118-2. On September 30, 2022, the Honorable Roslynn R. Mauskopf denied Plaintiff's Motion to Amend with leave to renew and referred the matter to this Court to conduct a damages inquest. *See* ECF 119 and ECF entry dated September 30, 2022.[6] Specifically, Chief Judge Mauskopf directed this Court to conduct a damages inquest to determine the amount of principal and interest owed to Plaintiff under the Note and to assist Plaintiff in drafting a proposed judgment. ECF 119.

On October 7, 2022, this Court held a telephone conference and only Plaintiff's counsel appeared. *See* ECF 120.[7] This Court directed Plaintiff to submit a revised Proposed Judgment and any documents and affidavits in support of the claimed amount by November 18, 2022. *Id.*

On January 5, 2023, after the Court granted Plaintiff an extension of time, Plaintiff filed the instant Motion with supporting materials, including a further revised Ramos Affidavit. ECF 122; 122-2.

---

[6] Relevant to the instant Motion, Chief Judge Mauskopf provided that: "both the original proposed judgment of foreclosure and sale and amended proposed judgment of foreclosure and sale contain numerous typos and passages which are incomprehensible." *See* ECF 119 at 2. Additionally, Judge Mauskopf stated that: "both the Ramos affidavits raise a statute of limitations issue that has not been litigated." *Id.* As discussed *infra*, these issues are addressed in the Court's damages calculation and attached recommended Proposed Amended Judgment. Finally, this Court also notes that on July 10, 2023, this case was reassigned to the Honorable Orelia E. Merchant. *See* ECF entry dated July 10, 2023.

[7] Note, while the conference took place on October 7, 2022, ECF entry 120 is dated October 12, 2022.

On January 10, 2023, this Court held a Damages Inquest hearing in which Plaintiff provided an overview of its damages calculations and Defendants failed to appear.[8] *See* ECF 123.[9]

On June 23, 2023, this Court requested supplemental documentation, which Plaintiff provided on July 28, 2023.[10] *See* ECF 125.

## II. JURISDICTION

This Court has subject matter jurisdiction over this action based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy, exclusive of costs, exceeds $75,000.00.

## III. LEGAL STANDARD

In the instant case, Plaintiff has prevailed on summary judgment. However, Plaintiff must still prove "its damages with evidentiary submissions." *Bricklayers Ins. & Welfare Fund v. Alpha Omega Bldg. Corp.*, No. 19CV2600ERKRLM, 2022 WL 18858966, at *5 (E.D.N.Y. Nov. 10, 2022). Hence, this inquest is limited to determining if Plaintiff has presented sufficient evidence to enable the Court to ascertain damages with reasonable certainty. *See Yiwu Lizhisha Accessories Co. v. JJamz, Inc.*, No. 16CV06418JPOSN, 2019 WL 2775605, at *2 (S.D.N.Y. June 14, 2019) (citing *N.Y. Dist. Council of Carpenters Pension Fund v. Perimeter Interiors, Inc.*, 657 F. Supp. 2d 410, 422 (S.D.N.Y. 2009) (holding, on inquest conducted after grant of summary judgment,

---

[8] Defendants have not filed any Opposition or otherwise opposed Plaintiff's damages calculations/submission including as set forth in the Ramos Affidavit contained in ECF 122, and supplemental documentation Plaintiff provided in ECF 125.
[9] Note, while the Damages Inquest took place on January 10, 2023, the Minute Entry is dated January 11, 2023. *See* ECF 123.
[10] Specifically, this Court requested Plaintiff's counsel to provide the following information via a supplemental affidavit: "An explanation and any supporting documentation of why the Property description in Plaintiff's Complaint differs from the description in Schedule A. Compare Complaint par. 1 (referring to the Property as Block: 1426; Lot: 20 on the Queens County Tax Map) and Schedule A (referring to Property as Lot No. 586 in Block No. 16)" and "supporting documentation, including but not limited to, Defendant's payment history, that shows the basis for Plaintiff's calculation of the principal amount $174,598.87 due as of March 1, 2011" in relation to the applicable statute of limitations analysis.

that damages must be ascertainable to a reasonable certainty)). Plaintiff bears the burden to prove those damages to the Court. *House v. Kent Worldwide Mach. Works, Inc.*, 359 F. App'x 206, 207 (2d Cir. 2010) (summary order) ("[T]he district court cannot simply rely on the plaintiff's statement of damages; there must be a basis upon which the court may establish damages with reasonable certainty."); *Lenard v. Design Studio*, 889 F. Supp. 2d 518, 527 (S.D.N.Y. 2012) ("Where, on a damages inquest, a plaintiff fails to demonstrate its damages to a reasonable certainty, the court should decline to award any damages, even though liability has been established through default."). Finally, if the documentary evidence is sufficient, Plaintiffs may prove those damages without a hearing. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

## IV. DISCUSSION

### A. Plaintiff is Only Entitled to Recover the Principal Balance and Interest Starting from March 1, 2011 Under the Applicable Statute of Limitations.

This Court finds that Plaintiff is only entitled to recover the principal balance and interest starting from March 1, 2011 based upon the applicable statute of limitations. Plaintiff's Motion correctly provides that: "Under New York law, 'an action upon a bond or note, the payment of which is secured by a mortgage upon real property, or upon a bond or note and mortgage so secured, or upon a mortgage of real property' must be commenced within six years." *See* ECF 122 [Letter Concerning Damages] at 1 (quoting N.Y. C.P.L.R. 213(4)); *see also Gustavia Home, LLC v. Hoyer*, 362 F. Supp. 3d 71, 86–87 (E.D.N.Y. 2019); ECF 125 [Plaintiff's Supplemental Letter] at 2 (same). Moreover, "[t]he statute of limitations in a mortgage foreclosure action begins to run from the due date for each unpaid installment, or from the time the mortgagee is entitled to demand full payment, or from the date the mortgage debt has been accelerated." *Gustavia Home, LLC*, 362 F. Supp. 3d at 86 (quotations and citations omitted). "However, even if a mortgage is

payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt." *Id.* at 87 (quotations and citations omitted). Finally, the filing of a summons and complaint commencing a foreclosure action constitutes an acceleration triggering the running of the six-year statute of limitations. *See U.S. Bank Tr., N.A., as Tr. for LSF9 Master Participation Tr. v. Adhami*, No. 18-cv-530PKCAKT, 2019 WL 486086, at *4 (E.D.N.Y. Feb. 6, 2019).

Here, Plaintiff alleges that Defendant Alam initially defaulted under the Note and Mortgage on September 1, 2010 and each subsequent monthly installment. *See* Ramos Aff. at ¶ 9; ECF 122-2. To be clear, in Plaintiff's supplemental documentation, there are no records of Defendant Alam making payments even before then. *See* ECF 125-2 at 37-40. Either way, however, the key takeaway from ECF 125-2 at 37-40 is that Defendant Alam's principal balance *would have been* $174,598.87 as of March 1, 2011 had payments been made. Since Plaintiff's Complaint was filed on February 13, 2017, *see* ECF 1, and Plaintiff uses March 1, 2011 as the starting point for the statute of limitations analysis (i.e. within the six-year period) in ECF 125 at 4, this Court concludes the March 1st date governs. This means the principal balance at issue is $174,598.87, which subtracts any payments Defendant Alam *would have made* on the principal balance before then.[11]

**B. This Court Recommends Awarding a Principal Amount of $174,598.87 and $227,541.90 in Interest Owed from March 1, 2011 through July 26, 2023.**

Per the above statute of limitations discussion, this Court recommends awarding Plaintiff the outstanding principal balance of $174,598.87 and $227,541.90 in interest owed from March 1, 2011 through July 26, 2023.[12] First, as noted above, Defendant Alam's principal balance *would*

---

[11] While the above statute of limitations issue has not been litigated to date, Defendants did not oppose Plaintiff's damages submission.
[12] While there have been inconsistencies in Plaintiff's previous Motion papers regarding the amount of days at issue when calculating interest, the Court will use Plaintiff's latest submission at ECF 125 [Supplemental Letter] at 4, which correctly notes that there are 4,530 days between March 1, 2011 and July 26, 2023.

*have been* $174,598.87 as of March 1, 2011 had Defendant made the required payments. Hence, under the applicable six-year statute of limitations, this Court will use a principal balance of $174,598.87.[13]

Second, the interest analysis is more nuanced. Here, the yearly interest rate on the Note is 10.50%. *See* ECF 122-3 [Ex. A- Note] at 1; 122-4 [Ex. B- Mortgage] at 4.[14] Thus, the total interest due is calculated as follows:

1. $174,598.87 (principal balance) multiplied by 10.50%, which equals $18,332.88 in annual interest.

2. $18,332.88 divided by 365 days, which equals $50.23 in interest a day.[15]

3. $50.23 multiplied by 4,530 days,[16] which equals $227,541.90 in interest owed.[17]

Based upon the above calculations, this Court concludes that Plaintiff is entitled to $227,541.90 in interest, plus the principal of $174,598.87, which totals $402,140.77 in damages.[18]

V.     **CONCLUSION**

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff be awarded **$402,140.77** in damages, including a principal amount of $174,598.87 and $227,541.90 in interest.

---

[13] Again, Defendants did not object to Plaintiff's principal amount calculation or oppose any of Plaintiff's supporting materials for damages. Finally, as noted *supra*, Defendants also did not appear for the inquest hearing this Court held on January 10, 2023. *See* ECF 123.
[14] Note, the page itself is numbered 1 of 16, but is actually page 4 of the pdf.
[15] Note, Plaintiff's Motion and Supplemental Documentation refers to the daily interest amount as $50.92, *see* ECF 122 [Letter Concerning Damages] at 2 and ECF 125 at 4 [Supplemental Letter], but that calculation is derived from incorrectly using the *original full principal* of $177,000.00 rather than the principal due as of March 1, 2011.
[16] As noted *supra*, there are 4,530 days between March 1, 2011 and July 26, 2023, which is the period Plaintiff requested damages from in its Supplemental Letter. *See* ECF 125 at 4.
[17] Based upon the lower daily interest of $50.23 rather than Plaintiff's amount of $50.92, the total interest owed is $227,541.90, which is slightly lower than Plaintiff's updated requested amount of $230,667.60. *See* ECF 125 at 4 [Supplemental Letter].
[18] Note, all calculation totals are rounded up to the nearest hundredth.

## VI. OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

    /s/ Steven L. Tiscione
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
August 16, 2023