**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
COURCHEVEL 1850 LLC,

                            Plaintiff,

       -against-                           **17-CV-00785 (OEM) (ST)**

MOHAMMED ALAM, *et al*.,

                          Defendants.
-----------------------------------------------------------X

<u>**AMENDED JUDGMENT OF FORECLOSURE AND SALE**</u>

On the Summons in a Civil Action (the "Summons") and Complaint filed herein on February 13, 2017; on the Notice of Pendency filed in the Queens County Clerk's Office on July 11, 2017; and upon the decision of Roslynn R. Mauskopf, United States District Chief Judge granting Plaintiff Courchevel 1850 LLC's Motion Summary Judgment pursuant to Fed. R. Civ. P. 56 on June 1, 2020;

NOW, upon the Affidavit of Statement of Damages of Brandon Ramos, sworn to the 29th day of November, 2021, and the Supplemental Affidavit of Joseph DeRuscio, sworn to the 27th day of July, 2023, the Court finds that;

The amount computed by the Court to be due on the Note and Mortgage is $402,140.77, as of July 26, 2023;

**IT IS ORDERED AND ADJUDGED,** that the mortgaged premises described in the Complaint,  and described in Schedule "A" annexed hereto be sold, in one parcel, and sold pursuant to this Judgment.

Together with all right, title and interest of the owner thereof, if any, in and to the land lying in the streets and road in front of the adjoining said premises, to the center line thereof.

1

Together with all fixtures and articles of personnel property annexed to, installed in, or used in connection with the mortgage premises, all as more fully set forth in the aforementioned mortgage, be sold in one parcel subject to: any state of facts that an accurate survey may show; easements, covenants, restrictions or reservations or records, if any; zoning restrictions and any amendments thereto according to law now in force; existing violations and orders of the appropriate departments of any City, Town or Village, if any; the physical condition of the premises at the time of closing; and with any apportionments or adjustments; at public auction to be held at the United States District Court for the Eastern District of New York, the Eastern Courthouse, located at 225 Cadman Plaza East, Brooklyn, New York 11201, on the street directly in front of the Courthouse, by and under the direction of Susan Ellen Rizos, Esq. with an address of 2255 31st Street, Suite 2068, Astoria, New York 11105 (the "Referee"), who is hereby designated as Referee herein to sell the mortgaged premises in accordance with that purpose; that said Referee give public notice of the time and place of such sale in accordance with New York Real Property Actions and Proceedings Law § 231 in the Brooklyn Daily Eagle and in the case Plaintiff shall become the purchaser at the said sale, Plaintiff shall not be required to make any deposit thereon, that said Referee or her duly appointed designee, execute to the purchaser or purchasers on such a sale a deed of the premises sold, that in the event a third-party other than Plaintiff becomes the purchaser or purchasers at such sale, the closing of title shall be had thirty days after such sale unless otherwise stipulated by all parties to the sale; and it is further

**ORDERED** that said Referee or her duly appointed designee then deposit the balance of said proceeds of the sale in her own name as Referee in an FDIC approved Bank and shall thereafter make the following payments and her checks drawn for that purpose shall be paid by said depository.

2

1st     The sum of $750.00 to said Referee for her fees herein.

2nd     The expenses of the sale and the advertising expenses as shown on the bills presented to said Referee and certified by her to be correct, duplicate copies of which shall be left with said depository.

3rd     And also the sum of $402,140.77, the amount computed by the Court, inclusive of interest from March 1, 2011 through July 26, 2023, and also the amount of any sums expended by Plaintiff, for taxes, assessments, water rates and sewer rents, with interest and penalties accrued thereon, or so much thereof as the purchase money of the mortgaged premises will pay of the same; and it is further

**ORDERED AND ADJUDGED**, that said Referee or her duly appointed designee shall take the receipt of Plaintiff or its attorney for the amounts paid as directed in item marked "3rd" and shall file it with her report of sale. That said Referee or her duly appointed designee shall deposit the surplus monies, if any, with the aforesaid depository, within 5 days after the same shall be received and ascertainable, to the credit of this action, to be withdrawn only on the order of a Judge of this Court.

If Plaintiff or a governmental agency is the purchaser of said mortgaged premises at said sale, or if the rights of the purchaser at said sale and the terms of sale under this judgment shall be assigned to and be acquired by Plaintiff or any such governmental agency, and a valid assignment thereof be filed with the Referee or her duly appointed designee, then the Referee or her duly appointed designee shall not require Plaintiff or such governmental agency to pay in cash the amount bid at such sale, but shall execute and deliver to Plaintiff or such governmental agency a deed of the premises sold. Plaintiff or such governmental agency shall pay the amount specified in the items marked "1st" and "2nd" and shall also pay the amount of the aforesaid taxes,

3

assessments, water rates, sewer rents and interest and penalties thereon, if any. Said Referee or her duly appointed designee shall apply the balance of the amount bid after deducting therefrom the aforesaid amount paid by Plaintiff or such governmental agency, to the amounts due Plaintiff in the item marked "3rd", and if there be a surplus over and above said amounts due Plaintiff, Plaintiff shall pay to said Referee or her duly appointed designee upon delivery of said Referee's Deed, the amount of such surplus, and said Referee or her duly appointed designees shall deposit said surplus as hereinabove directed.

Said Referee or her duly appointed designee shall make her report of such sale and shall file it with the Clerk of the Court with all convenient speed. If the proceeds of such sale be insufficient to pay the amount adjudged due to Plaintiff with the expenses, interests and costs as aforesaid, said Referee or her duly appointed designee shall specify the amount of such deficiency in her report of sale, Plaintiff shall recover from Mohammed Alam the whole deficiency of so much thereof as the Court may determine to be just and equitable of the residue of the mortgaged debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by New York Real Property Actions and Proceedings Law § 1371 within the time limited therein, and the amount thereof is determined and awarded by Court Order as provided for in said section; and it is further

**ORDERED AND ADJUDGED,** that the purchaser at said sale be let into possession on production of the said Referee or her duly appointed designee's deed; and it is further

**ORDERED AND ADJUDGED,** that each and all of Defendants in this action, and all the persons claiming under them, or any, or either of them, after filing of the notice of the pendency of this action, be and hereby be forever barred and foreclosed of all right, title, claim, interest, lien

and equity of redemption in said mortgaged premises and each and every party thereof; and it is further

**ORDERED, ADJUDGED AND DECREED,** that said mortgaged premises is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the mortgaged premises would disclose, any state of facts that an accurate survey of the mortgaged premises would show; any covenants, restrictions, declarations, reservations, easements, rights-of-way and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same; any rights of tenants or person in possession of the mortgaged premises; prior lien(s) of record, if any, except those liens addressed in Real Property Actions and Proceedings Law §1354, any equity of redemption of the United States of America to redeem the mortgaged premises within 120 days from the date of sale. Said mortgaged premises commonly known as 3228 97th Street, East Elmhurst, New York 11369. A description of the mortgaged premises is annexed hereto and made a part hereof as Schedule "A".

Dated: Brooklyn, New York
September 8, 2023

_____/s/ Orelia E. Merchant_____
Honorable Orelia E. Merchant, USDJ